ANTHONY M. LA PINTA, ESQ. (AML-6505)
Reynolds, Caronia, Gianelli & La Pinta, P.C.
*Attorneys for Plaintiff LEK DOMNI*
200 Vanderbilt Motor Parkway, Suite C-17
Hauppauge, New York 11788
(631) 231-1199

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LEK DOMNI

                       Plaintiff,

           -against-

COUNTY OF NASSAU, POLICE OFFICER
CHRISTOPHER LAMONICA, POLICE OFFICER
FREDERICK TIFARO, LIEUTENANT ROBERT V.
VERLOTTE, DETECTIVE HOWE (First Name
Unknown), DETECTIVE MOORE (First Name
Unknown), and POLICE OFFICERS JOHN AND
JANE DOES 1-3.

                    Defendants.
-----------------------------------------------------------------X

Civil Case No.: 19 - cv - 83

**COMPLAINT**

Jury Trial Demanded

Plaintiff, LEK DOMNI, by his attorney, ANTHONY M. LA PINTA, ESQ., respectfully allege as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Due Process and the Constitution and laws of the State of New York.

2. Jurisdiction of this action is founded upon 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. 1983 as this is a civil action arising under the United States Constitution and the laws of the United States to redress deprivation of constitutionally and statutorily protected rights and interests under color of state law.

1

3.  The incidents giving rise to this lawsuit occurred in the State of New York, County of Nassau.

4.  Plaintiff LEK DOMNI, is a resident of Nassau County, State of New York.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

6.  At all times hereinafter mentioned, plaintiff LEK DOMNI was and continues to be citizen of the United States of America and resident of Nassau County, within the Eastern District of the State of New York.

7.  At all times hereinafter mentioned, defendant COUNTY OF NASSAU was and continues to be a duly constituted municipal corporation of the State of New York existing and operating under and by virtue of the laws of the State of New York and the County of Nassau and is the employer of the defendant officers herein.

8.  At all times hereinafter mentioned, the Nassau County Police Department was and continues to be an agency of defendant, the COUNTY OF NASSAU.  Defendant COUNTY OF NASSAU is responsible for the policies, practices and customs of the Nassau County Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers.

9.  Defendants POLICE OFFICER CHRISTOPHER LAMONICA, POLICE OFFICER FREDERICK TIFARO, LIEUTENANT ROBERT V. VERLOTTE, DETECTIVE HOWE (First Name Unknown), DETECTIVE MOORE (First Name Unknown), were at all relevant times police officers and employees of the defendant COUNTY OF NASSAU and members of the Nassau County Police Department and further, at all relevant times acted under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of

2

Nassau and State of New York and within the scope of their employment. All of these defendant police officers are being sued in their individual and official capacities.

10.   At all times hereinafter mentioned, defendants JOHN and JANE DOE 1 - 3 are fictitious names representing presently unidentified employees of the Nassau County Police Department whose identities are known to the defendant NASSAU COUNTY and Nassau County Police Department. Plaintiff intends to name individual "JOHN" and "JANE" DOES after learning their true identities. All DOE defendants participated in some or all of the acts complained of herein, while acting under color of state law and within the scope of their employment. These DOE defendants are being sued in their individual and official capacities. Leave of Court will be sought to amend the complaint to include the true names and capacities of the JOHN and JANE DOES as soon as such information becomes known to the plaintiff.

11.   Defendant JOHN DOE # 1 was a policymaker and spokesperson within the Nassau County Police Department and at all relevant times was an employee of the COUNTY OF NASSAU, acting under color of law pursuant to the statues, ordinances, regulations, policies, customs and usage of the County of Nassau and the State of New York. Defendant DOE # 1 was authorized, at all relevant times herein, to issue statements regarding Nassau County Police Department matters to the media. Defendant DOE #1 is sued in his/her individual and official capacity.

## NOTICE OF CLAIM REQUIREMENTS

12.   Notice of the plaintiff's claims, including the nature of the claims and (a) the date of, (b) the time when, (c) the place where and (d) the manner in which the claims arose were duly served upon the County of Nassau within ninety days of the acts giving rise to this Complaint.

13.   A 50-H hearing was held on August 7, 2018.

14.  More than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

15.  This action is commenced within one year and ninety days after the causes of action arose.

16.  New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## STATEMENT OF FACTS

17.  LEK DOMNI is sixty years old, resides in Nassau County and lives with and cares for his elderly parents, one of whom is infirm.

18.  On October 30, 2017, at about 5:50 pm, he was walking his dog, Phoebe, on the grass in the Massapequa. Dog Park (hereinafter "PARK") located in Massapequa, Nassau County, New York.

19.  The "PARK" is an enclosed outdoor large rectangular-shaped facility that is divided into two sections – one for large dogs and the other for small dogs.  A tall cyclone fence divides these two sections of the "PARK".  Each side has a separate enclosed entrance to allow users to unleash their dogs before entering into the "PARK".  There is no internal gate to move from the large dog section to the small dog section.

20.  On Monday, October 30, 2017 at approximately 4:35 pm, plaintiff LEK DOMNI, drove his dog, Phoebe, to the "PARK".  Upon plaintiff's arrival other large and small dog owners were at the "PARK" with their dogs.  Plaintiff unleashed his dog into the large dog portion of the "PARK".

21. Shortly after arriving, three small dogs began to congregate at the fence very near to where plaintiff and the other large dog owners were standing and excessively barked in the direction of the large dogs.

22. As the small dogs continued their repetitive chorus of barking, plaintiff walked over to the dividing fence and politely asked the small dog owners if they would please be mindful of their dogs because it's causing problems for both the dogs and the large dog owners.

23. Some of the small dog owners refused to do so.

24. After an argument between dog-owners about keeping the small dogs and large dogs properly separated, defendants LAMONICA and TIFARO were called to the "PARK".

25. To cooperate, plaintiff DOMNI exited the "PARK" to speak with defendants LAMONICA and TIFARO and left his dog behind in the "PARK".

26. Defendant LAMONICA directed plaintiff and all large dog owners to leave the "PARK".

27. After a brief communication, DOMNI sought to reenter the "PARK" solely to retrieve his dog, Phoebe, and then leave as Police Officer LAMONICA had instructed, however LAMONICA physically blocked him and refused to allow plaintiff to retrieve his dog and leave as defendant LAMONICA ordered.

28. DOMNI then tried again to retrieve his dog and then leave, walking with his hands down by his sides, but LAMONICA stepped in front of DOMNI's path and LAMONICA bumped into plaintiff and then proclaimed that plaintiff had bumped him. This was a false accusation.

29. LAMONICA then grabbed DOMNI by the arm and neck and began putting DOMNI's hands behind his back and shoved plaintiff DOMNI up against a police cruiser.

30.   Defendant LAMONICA then claimed that DOMNI not only bumped into him but also punched him in the face.  This claim is false and was made solely as a pretense to falsely arrest plaintiff DOMNI.

31.   Defendant LAMONICA then slammed DOMNI to the ground and defendant LAMONICA intentionally fell directly on top of plaintiff, then handcuffed plaintiff so tight as to cause plaintiff further injuries.  Plaintiff DOMNI asked that the handcuffs be loosened as they were too tight and hurting him but defendants LAMONICA and TIFARO refused.

32.   Plaintiff DOMNI was then placed in a police car.  A supervisor (JOHN DOE #2) arrived at some point in the assault of plaintiff.  The supervisor was shown a video taken by a civilian onlooker of what had occurred.  Upon viewing the video, JOHN DOE #2 instructed defendant LAMONICA to "let him go."  Defendant LAMONICA and defendant JOHN DOE #2 discussed the matter, and JOHN DOE #2 relented and allowed the arrest to proceed notwithstanding the video's demonstrative showing of defendant LAMONICA lying as to what had occurred and falsely arresting plaintiff.

33.   Plaintiff DOMNI was then transported to the 7th Precinct, brought to a holding cell and remained handcuffed.

34.   Plaintiff was approached in the 7th Precinct by defendant DETECTIVES HOWE and MOORE.  Defendants HOWE and MOORE acknowledged they too had seen the video taken by the independent civilian.  Plaintiff DOMNI was interrogated, and the defendant detectives prepared a typewritten statement containing false statements not issued by plaintiff and intentionally omitted exculpatory information which negated plaintiff's commission of any crime in violation of the well-known "Brady" rule and its progeny.

35.  Both HOWE and MOORE refused to show the statement to plaintiff for his review because they knew it contained falsehoods and omitted exculpatory information.

36.  By their actions, defendants HOWE and MOORE intentionally and maliciously conspired with defendants LAMONICA and TIFARO to falsely charge plaintiff with the New York State felony of Assault in the second degree, Resisting Arrest and Obstructing Governmental Administration.

37.  Plaintiff was thereafter transported by ambulance in handcuffs to Nassau County Medical Center and then to a holding cell for arraignment the following day, October 31, 2017.

38.  Defendant TIFARO drafted a false felony complaint against DOMNI.

39.  LIEUTENANT VERLOTTE authorized, supervised and assisted in the preparation of accusatory instruments that were false.

40.  In the felony complaint, TIFARO alleged verifiably false information about the events leading to DOMNI's arrest.

41.  Facing felony charges, at arraignment the prosecution requested $75,000 bail, however, the Court set bail with a bond or cash alternative which plaintiff could not then make.

42.  After the arraignment the plaintiff was required to disrobe, squat with his legs spread and body bent forward at the waist to allow officers to visually inspect his genitals and anal cavity. Subjecting plaintiff to such a search was totally unwarranted since there was no suspicion of plaintiff concealing a weapon or contraband.  Such a search caused plaintiff great humiliation and mental anguish.

43.  Plaintiff was transported to the Nassau County Jail and placed in a cell until his release on bail.

44. Plaintiff was required to abide by the terms of bail, hire criminal counsel and incur legal fees, make various court appearances and appear before a Nassau Grand Jury and testify before said Grand Jury.

45. On or before March 1, 2018, a grand jury proceeding was instituted and civilian witnesses including plaintiff testified under oath as did defendants LAMONICA and TIFARO.

46. The Grand Jury of Nassau County returned a No True Bill and all charges were then dismissed in the Nassau County Court.

47. The proceedings therefore were terminated in the plaintiff's favor.

48. In media coverage following plaintiff's exoneration on all charges, Defendant Police Spokesperson, JOHN DOE # 1, published a defamatory statement to the press in the underlying criminal matter, stating that "[The Nassau County Police Department] is extremely disappointed in the result" thereby reasonably implying to the readers that the Grand Jury wrongly decided the case, that there was significant evidence from which the Grand Jury should have held DOMNI for trial on all charges and that DOMNI was guilty of all charges when, in fact, the criminal case against him was made up of manufactured and false facts.

49. Less than ninety days later, on May 8, 2018, DOMNI served a Notice of Claim on Nassau County, which accepted delivery three days later.

50. In March of 2018, plaintiff filed with the Nassau County Police Department Internal Affairs Bureau ("IAB") a complaint against defendant police officers for violating Nassau County Police Department rules and regulations with respect to his false arrest on October 30, 2017. The "IAB" failed to conduct an investigation of plaintiff's complaint, and, instead re-routed it to Police Lieutenant Thomas Kotak of the 7th Police Precinct. Lieutenant Kotak is a co-

worker of defendant OFFICERS LAMONICA and TIFARO and DETECTIVES HOWE and MOORE.

51. In April of 2018, plaintiff received a phone message from Lieutenant Thomas Kotak stating that he was assigned to investigate the "IAB" Complaint.

52. Plaintiff returned Lieutenant Kotak's call. Plaintiff inquired if Lieutenant Kotak was from "IAB" or the 7th Precinct. Lieutenant Kotak explained that he was from the 7th Precinct and that he was a co-worker with the defendant officers.

53. Lieutenant Kotak explained that it was his job to investigate the Complaint, as it was cassigned to him for that purpose from the Internal Afffairs Bureau.

54. Lieutenant Kotak explained to plaintiff that this assignment of the "IAB" Complaint to him was pursuant to Nassau County Police Department policy .

55. Plaintiff then asked Lieutenant Kotak when he would like to schedule the interview. Lieutenant Kotak informed plaintiff that this was the interview.

56. Lieutenant Kotak then stated he had viewed the video, stating "the video speaks for itself" and terminated the telephone call and the investigation of plaintiff's complaint to "IAB".

57. On or about June 12, 2018 Lieutenant Kotak called plaintiff's then attorney informing the attorney that the police investigation was completed and the police officers had been exonerated.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 - FALSE ARREST

58. Plaintiff repeats, reiterates and realleges paragraphs 1 through 57 as if fully set forth herein.

59. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 in that plaintiff was illegal arrested and seized.

60. Defendants LAMONICA and TIFARO acting under the color of state law intended to and did seize, detain and confine plaintiff when they arrested him, removed him from the "PARK", searched him, handcuffed him without any legal justification and then transported him to a precinct.

61. Plaintiff did not consent to his seizure, arrest, search or confinement.

62. Defendants acted with malice, without a warrant and without probable cause to arrest under the laws of the State of New York and the Fourth Amendment of the Constitution of the United States.

63. The plaintiff was subjected to unreasonable force under the circumstances without any reason to believe that any of the defendants or others were in jeopardy of physical harm.

64. The defendants LAMONICA and TIFARO made false statements to justify plaintiff's arrest.

65. The defendants acts were the proximate cause of damages sustained by the plaintiff.

66. By reason of the false arrest and seizure, plaintiff suffered a loss of his freedom, emotional stress, humiliation, mental anguish, embarrassment and legal fees incurred in the criminal proceeding.

67. The acts of the defendants LAMONICA and TIFARO were intentional and with malice and warrant and justify the assessment and award of punitive damages.

68. As a consequence of plaintiff's false arrest, plaintiff DOMNI has been damaged in an amount to be determined at trial along with punitive damages, and an award of attorney fees is appropriate pursuant to 42 U.S.C. 1988.

## SECOND CAUSE OF ACTION

### 42 U.S.C. 1983 - FALSE IMPRISONMENT CLAIM
### AS TO DEFENDANTS LAMONICA AND TIFARO

69.  Plaintiff repeats, reiterates and realleges paragraphs 1 through 68 as if fully set forth herein.

70.  Defendants LAMONICA and TIFARO acting under color of State laws depraved plaintiff of his rights and immunities under the United States Constitution.

71.  Defendants LAMONICA and TIFARO arrested plaintiff DOMNI without probable cause and caused plaintiff's confinement and unlawful detention.

72.  These acts were caused by defendants LAMONICA and TIFARO without any legal justification.

73.  Defendants LAMONICA and TIFARO intentionally caused the seizure, confinement and detention of plaintiff DOMNI, without plaintiff's consent by making false statements regarding the basis for plaintiff's arrest.

74.  The seizure, confinement and detention were not otherwise privileged.

75.  The seizure, confinement and unlawful detention was caused by defendants LAMONICA and TIFARO acting without authority of the law and without any legal basis or probable cause to believe that plaintiff was in fact guilty of crimes and was done with malice.

76.  By reason of the unlawful seizure, confinement and detention, the plaintiff incurred loss of his freedom, humiliation, mental anguish, embarrassment, legal fees incurred in the criminal proceeding and he was otherwise injured.

77.  As a consequence of his false imprisonment, the plaintiff has been damaged in an amount to be determined at trial including punitive damages, costs and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## THIRD CAUSE OF ACTION
### 42 U.S.C. 1983 - MALICIOUS PROSECUTION
### AS TO DEFENDANTS
### LAMONICA, TIFARO, VERLOTTE, MOORE, HOWE and JOHN DOE # 2

78.  Plaintiff repeats, reiterates and realleges paragraphs 1 through 77 as if fully set forth herein.

79.  The plaintiff's rights have been violated pursuant to the Fourth Amendment to the United States Constitution to be free from unreasonable seizure.

80. These acts were caused by defendants LAMONICA, TIFARO, VERLOTTE, MOORE, HOWE and JOHN DOE # 2 as set forth above, without any legal justification.

81.  Plaintiff was falsely arrested and detained without probable cause before, during and after the initiation of criminal proceedings.

82.  Defendants LAMONICA, TIFARO, VERLOTTE, HOWE, MOORE and JOHN DOE # 2 furthered the criminal proceedings against plaintiff knowing that based on all the facts and circumstances, the plaintiff was not guilty of the crimes charged.

83.  The initiation and continuation of criminal proceedings was done without authority of the law and without any legal basis or probable cause to believe that plaintiff was in fact guilty of crimes.

84.  As a direct result of these defendants' actions, plaintiff was arraigned and further detained past arraignment in the Nassau County Jail until such time as he made bail.

85.  Plaintiff was compelled to return to court for Court appearances as well as appear and testify before the Grand Jury of Nassau County.

86.  The Grand Jury of Nassau County returned a No True Bill and the charges against plaintiff were then terminated in his favor.

87.  Defendants LAMONICA, TIFARO, VERLOTTE, HOWE, MOORE and JOHN DOE # 2's acts were performed by the defendants with deliberate and reckless disregard for the rights of the plaintiff and with malice.

88.  As a consequence of this malicious prosecution, the plaintiff has been damaged in an amount to be determined at trial including punitive damages, costs and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**FOURTH CAUSE OF ACTION**

**42 U.S.C. § 1983 - FAILURE TO INTERCEDE**

89.  Plaintiff repeats, reiterates and realleges paragraphs 1 through 88 as if fully set forth herein.

90.  The defendants VERLOTTE and defendant Supervisor JOHN DOE # 2 deprived plaintiff of his rights and immunities under the United States Constitution including but not limited to the Eight Amendment by virtue of their failure to exercise their affirmative duty to intercede on behalf of plaintiff knowing full well that the plaintiff's Constitutional rights were being violated by other police officers in their presence.

91.  The defendants observed or had reason to know that constitutional violations of false arrest, false imprisonment, excessive force and malicious prosecution were being committed, these defendants had reasonable opportunity to intervene and prevent harm to plaintiff from occurring and failed and refused to do so.

92.  LIEUTENANT VERLOTTE authorized, supervised and assisted in the preparation of accusatory instruments that were false.

93.  The defendants' acts were the proximate cause of damages sustained by the plaintiffs.

94.  The actions of these defendants were intentional and malicious and warrant and justify the assessment and award of punitive damages.

95.  As a consequence, plaintiff has been damaged in an amount to be determined at trial, including reimbursement for legal fees incurred in the criminal proceeding, punitive damages, costs and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – CONSPIRACY TO FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, AND FAILURE TO PROTECT AS TO INDIVIDUAL DEFENDANTS LAMONICA, TIFARO, VERLOTTE, HOWE, MOORE and JOHN DOE # 2

96.  Plaintiff repeats, reiterates and realleges paragraphs 1 through 95 as if fully set forth herein.

97.  The acts and omissions of defendants LAMONICA, TIFARO, Police Supervisor JOHN DOE # 2, LIEUTENANT VERLOTTE and DETECTIVES HOWE and MOORE as set forth above and incorporated herein, conspired and acted willfully or in reckless disregard of the truth. Their respective actions constitute the claims of conspiracy to falsely arrest, imprison, maliciously prosecute and fail to protect plaintiff under the United States Constitution and Section 1983 of the Civil Right Act.

98.  Defendant LAMONICA assaulted, used excessive force and falsely arrested plaintiff DOMNI without any probable cause or justification.

99.  Defendant TIFARO failed to protect plaintiff from the actions of defendant LAMONICA who along with TIFARO assaulted, used excessive force and falsely arrested plaintiff without probable cause or legal justification.

100.  Defendant Supervisor JOHN DOE # 2 arrived on the scene at the "PARK" in response to plaintiff's arrest.  Defendant JOHN DOE # 2 had supervisory authority at the scene under Nassau County Police Department rules and regulations and, thus, had the power, duty and responsibility to protect plaintiff from what he knew was a false and fabricated arrest.  Defendant JOHN DOE # 2 failed to do so.

101.  Defendants DETECTIVES HOWE and MOORE and Supervisor JOHN DOE # 2, owed plaintiff a duty to reasonably investigate plaintiff's arrest especially after viewing the video provided them.

102.  DETECTIVES HOWE and MOORE failed to protect plaintiff from an arrest they knew was false, fabricated, unauthorized, and unsupported by probable cause.

103.  Defendant LT. VERLOTTE participated in the preparation of the false accusatory instrument.

104.  As a direct and proximate result of the conduct acts and omissions of defendants LAMONICA, TIFARO, VERLOTTE, SUPERVISOR JOHN DOE #2 and DETECTIVES HOWE and MOORE, plaintiff was falsely confined, maliciously prosecuted and forced to hire an attorney to represent him in the underlying criminal proceeding.

105.  Upon information and belief the defendants LAMONICA and TIFARO testified before the Grand Jury of Nassau County falsely.

106.  As a direct and proximate result of the actions of defendants and each of them, plaintiff LEK DOMNI suffered a loss of his freedom, humiliation, anxiety, emotional stress, loss of life's pleasures, legal fees incurred in the criminal proceeding and pecuniary damages.

107.  Plaintiff requests judgment in his favor and against defendants POLICE OFFICERS LAMONICA and TIFARO, LIEUTENANT VERLOTTE, POLICE SUPERVISOR JOHN DOE

# 2 and DETECTIVES HOWE and MOORE, jointly and severally, and seeks compensatory damages, punitive damages in an amount to be determined at trail and and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION
## MONELL LIABILITY AGAINST COUNTY OF NASSAU

108.  Plaintiff repeats, reiterates and realleges paragraphs 1 through 107 as if fully set forth herein.

109.  Defendant COUNTY OF NASSAU, and JOHN DOE # 1 acting through the Nassau County Police Department had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest and prosecution.

110.  Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

111.  Upon information and belief after learning of their employees' violations of plaintiff's Constitutional rights the defendant COUNTY OF NASSAU failed to investigate the wrongdoing, failed to remedy the wrong, failed to discipline the defendants thereby being grossly negligent in managing subordinates and allowed such policies and customs to exist.

112.  Defendant COUNTY OF NASSAU, acting with deliberate indifference to the rights of citizens to be free from New York State and Constitutional violations, encouraged, tolerated, ratified and acquiesced in police misconduct by:

16

a.      failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force when making an arrest

b.      failing to conduct sufficient training or supervision with respect to the constitutional limitations on the laws of arrest and probable cause;

c.      by failing to adequately punish unconstitutional uses of force and false arrests made without probable cause;

d.      by tolerating the use of unconstitutional force and police misconduct;

e.      by ongoingly failing to properly or neutrally investigate citizen complaints of excessive force and false arrest by its police officers; and,

f.      by tolerating and acting with deliberate indifference to its police officers who falsify accusatory instruments, police reports, police statements and testify before a grand jury and at trial falsely.

113.  Police officers of the Defendant NASSAU COUNTY, including all named defendants herein, were aware of the County's policy, custom and/or practice to refer complaints of Constitutional violations such as those set forth herein to the same precinct where the complained of police officers work rather than the Internal Affairs Bureau. Defendants knew of this policy, custom and/or practice.

114.  Rather than subjecting this violation to serious internal investigation, it was referred for investigation to a Lieutenant Kotak who works out of the same precinct as the Defendant Officers creating an inherent conflict of interests.

115.  This is best demonstrated by a phone conversation with Mr. Domni wherein Lieutenant Kotak admitted that this type of internal assignment was a matter of standard policy for the Nassau County Police Department.

116.  Lieutenant Kotak failed to conduct an adequate investigation.

117.  Further demonstrating municipal approval of this activity, the Nassau County Police Department issued a statement after all charges were dropped against DOMNI, against whom an arrest report had verifiably been falsified—stating its "disappoint[ment]" with the grand jury's return of No True Bill.

118.  The Defendant County is at best deliberately indifferent to taking corrective action to fix the behavior exhibited here, where a police report is fabricated to fit a prosecution-friendly narrative rather than the truth.

119.  JOHN DOE, who was a supervisor and final decision maker as a matter of policy and practice, acted with a callous, reckless and deliberate indifference to plaintiff's Constitutional rights under the Constitution and the laws of the United States, in that JOHN DOE failed to investigate or rectify the type of wrongdoing as occurred herein and elsewhere.

120.  Defendant Nassau County, through its Police Department officials, commissioners, directors, and policymakers, also had a long-existing policy, custom and/or practice of failing to properly train its officers to de-escalate situations they are called to in order to defuse disputes they are called to, such as the one at the "PARK" on October 30, 2017, which resulted in plaintiff's false arrest.

121.   As a direct and proximate result of the aforementioned policy, custom and/or practice, plaintiff was falsely arrested, imprisoned and maliciously prosecuted without probable cause.

122.   As a direct and proximate result of the aforementioned policy, custom and/or practice, plaintiff was forced to hire an attorney, at great expense, to represent him in the underlying criminal proceeding.

123.   As a direct and proximate result of the actions of aforementioned policy, custom and/or practice, plaintiff suffered a loss of his freedom, humiliation, anxiety, emotional stress, and pecuniary damages.

124.   Defendant COUNTY OF NASSAU maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees.  After learning of their employees violations of the plaintiff's constitutional rights and the dismissal of the charges and termination of the prosecution in plaintiff's favor, the COUNTY OF NASSAU and its police department failed to investigate or take any corrective action to prevent future occurrences, thus the defendant acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.  By reason of the foregoing, plaintiff has  been damaged.

## SEVENTH CAUSE OF ACTION
### STATE CLAIM FOR FALSE ARREST
### As to DEFENDANTS LAMONICA and TIFARO

125.   Plaintiff repeats, reiterates and realleges paragraphs 1 through 124 as if fully set forth herein.

126.   Defendants LAMONICA and TIFARO intended to and did seize, detain and confine plaintiff when they arrested him, removed him from the "PARK", searched him, and handcuffed him all without any legal justification and transported him to the 7th precinct.

127.   Plaintiff did not consent to his seizure, arrest, search or confinement.

128.   Defendants acted without probable cause, without a warrant or any reasonable basis to believe that plaintiff was guilty of committing a crime which could justify an arrest or detention under the laws of the State of New York.

129.  The plaintiff was subjected to unreasonable force under the circumstances without any reason to believe that any of the defendants or others were in jeopardy of physical harm.

130.  The defendants' acts were the proximate cause of damages sustained by the plaintiff.

131.  By reason of the false arrest and seizure and confinement plaintiff incurred emotional harm, humiliation, mental anguish, embarrassment, legal fees incurred in the criminal proceeding and pecuniary loss.

132.  The acts of the defendants were intentional and with malice and justify the assessment and award of punitive damages.

133.  As a consequence plaintiff has been damamged in an amount to be determined at trial, along with punitive damamges, costs and attorney's fees.

### EIGHTH CAUSE OF ACTION
### STATE CLAIM - FALSE IMPRISONMENT
### AS TO INDIVIDUAL DEFENDANTS
### LAMONICA, TIFARO, VERLOTTE, HOWE, MOORE and JOHN DOE # 2

134.  Plaintiff repeats, reiterates and realleges paragraphs 1 through 133 as if fully set forth herein.

135.  Defendants intentionally and with actual malice confined the plaintiff when he was arrested, removed from the "PARK", transported to a precinct, handcuffed and placed in a cell against his will and without legal justification.

136.  Defendants knew that the plaintiff did not committ a crime, did not have probable cause to believe plaintiff committed a crime and the plaintiff's confinement was without privilege or justification and was done with malice.

137. By reason of the false arrest and seizure, plaintiff incurred emotional harm, humiliation, mental anguish, embarrassment, legal fees incurred in the criminal proceeding and pecuniary loss.

138. The defendants' acts were the proximate cause of damages sustained by the plaintiff.

139. The actions of the defendants warrant and justify the assessment and award of punitive damages.

140. As a consequence, plaintiff has been damamged in an amount to be determined at trial, along with punitive damamges, costs and attorney's fees.

### NINTH CAUSE OF ACTION
### STATE CLAIM - MALICIOUS PROSECUTION
### AS TO INDIVIDUAL DEFENDANTS
### LAMONICA, TIFARO, VERLOTTE, HOWE, MOORE and JOHN DOE # 2

141. Plaintiff repeats, reiterates and realleges paragraphs 1 through 140 as if fully set forth herein.

142. The defendants described above initiated criminal proceedings against the plaintiff by falsely charging the plaintiff and without probable cause to believe the plaintiff committed the charged crimes.

143. Plaintiff was detained from the moment of his arrest and after his arraignment, plaintiff was further required to abide by the conditons of his bail, appear in Court on requried dates and appear before the Grand Jury of Nassau County.

144. The criminal proceeding against plaintiff was terminated in his favor.

145. By reason thereof, plaintiff incurred emotional harm, humiliation, mental anguish, embarrassment, legal fees incurred in the criminal proceeding and pecuniary loss.

146. The defendants' acts were the proximate cause of damages sustained by the plaintiff.

147. The actions of these defendants were intentional and warrant and justify the assessment and award of punitive damages.

148. As a consequence plaintiff has been damamged in an amount to be determined at trial, along with punitive damamges, costs and attorney's fees.

**TENTH CAUSE OF ACTION**

**STATE CLAIM - FAILURE TO INTERCEDE**

**As to Defendants VERLOTTE and JOHN DOE # 2**

149. Plaintiff repeats, reiterates and realleges paragraphs 1 through 148 as if fully set forth herein.

150. The actions of defendant Supervisor JOHN DOE # 2 and defendant LT VERLOTTE as set forth above and incorporated herein constitute a State claim by virtue of their failure to exercise their affirmative duty to intercede on behalf of plaintiff knowing full well that the plaintiff's constitutional rights were being violated by other police officers and by tolerating and permitting the false arrest of plaintiff DOMNI.

151. The defendants observed or had reason to know that constitutional violations of false arrest, false imprisonment and malicious prosecution of the plaintiff was being committed, had reasonable opportunity to intervene and prevent harm to plaintiff from occurring and failed and refused to do so.

152. The defendants acts were the proximate cause of damages sustained by the plaintiffs.

153. The actions of these defendants were intentional and warrant and justify the assessment and award of punitive damages.

154.  By reason thereof, plaintiff incurred emotional harm, humiliation, mental anguish, embarrassment, legal fees incurred in the criminal proceeding and pecuniary loss.

155.  As a consequence plaintiff has been damaged in an amount to be determined at trial, along with punitive damamges, costs and attorney's fees.

### ELEVENTH CAUSE OF ACTION

**442 U.S.C. § 1983 – Violation of Plaintiff's 14th Amendment Due Process Rights As to Defendant COUNTY OF NASSAU**

156.  Plaintiff repeats, reiterates and realleges paragraphs 1 through 155 as if fully set forth herein.

157.  An individual is afforded Due Process protection under the Fourteenth Amendment of the United States Consitution in regard to governmental arrest, seizure, detention and malicious prosecution.

158.  Plaintiff, LEK DOMNI, as set forth above, was illegally seized, detained and maliciously prosecuted.

159.  After criminal proceedings were terminated in his favor, plaintiff requested the Internal Affairs Bureau of the Nassau County Police Department conduct a full investigation of the actions of the police employees including the defendants herein.

160.  The "IAB" of the Nassau County Police Department has a custom and/or practice of not conducting complete and thorough investigations of complaints of State and Federal Constitutional violations by its police officers.

161.  The "IAB" of the Nassau County Police Department has a custom and/or practice of refering such complaints to the precinct where the complained of police officers work.

162. As has been demonstrated, such referrals create inherent conflicts of interest, which occurred in this instance, where Lieutenant Kotak knew and worked with the police officers he was charged with investigating.

163. Lieutenant Kotak, the Nassau County Police Department and the COUNTY OF NASSAU failed and refused to take any corrective action to discipline the defendants herein and prevent future occurrences.

164. To challenge the unlawful violations of the defendants, plaintiff has been required to institute legal proceedings to demonstrate the violations of plaintiff's rights secured by the Federal and State Constitutions.

165. Plaintiff seeks an Order of this Court requiring the COUNTY OF NASSAU, and Nassau County Police Department to institute a policy and procedure wherein all complaints by citizens of its police officers' Constitutional violations shall be investigated by the Internal Affairs Bureau and not referred to a police precinct for investigation.  Such a process will provide an aggrieved party with an oppurtunity to have a true challenge to the legality or illegality of its police officers' conduct.

**WHEREFORE**, Plaintiff requests the following relief jointly and severally as against all the defendants:

1. A trial by jury on all issues;

2. An award of compensatory damages in an amount to be determined at trial;

3. An award of punitive damages in an amount to be determined at trial;

4. Disbursements, costs, and attorneys' fees pursuant to 42 U.S.C. § 1988; and

5. An order requiring the Internal Affairs Bureau of the Nassau County Police Department to institute a policy and procedure requiring the Internal Affairs Bureau to conduct an investigation of all complaints of violation of citizens' constitutional rights and precluding referral of such complaints to its precincts for investigation.

6. Such other and further legal or equitable relief as this Court may deem just and proper.

Dated:  Hauppauge, New York
~~December~~      , ~~2018~~
January 4, 2019

Yours, etc.,

_____
ANTHONY M. LA PINTA, ESQ. (AML-6505)
Reynolds, Caronia, Gianelli & La Pinta, P.C.
*Attorneys for Plaintiff LEK DOMNI*
200 Vanderbilt Motor Parkway, Suite C-17
Hauppauge, New York 11788
(631) 231-1199

25