**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
LEK DOMNI,

                              Plaintiff Pro Se,

         -against-

                                                              **MEMORANDUM**
                                                              **AND ORDER**
COUNTY OF NASSAU, POLICE OFFICER
CHRISTOPHER LAMONICA, POLICE OFFICER               CV 19-83 (JMA) (AKT)
FREDERICK TIFARO, LIEUTENANT ROBERT V.
VERLOTTE, DETECTIVE HOWE (first name
unknown), DETECTIVE MOORE (first
name unknown), and POLICE OFFICERS JOHN AND
JANE DOES 1-3,

                              Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    <u>Preliminary Statement</u>

       *Pro Se* Plaintiff Lek Domni ("Plaintiff") commenced this action against Defendants

County of Nassau ("County"), Police Officer Christopher Lamonica ("P.O. Lamonica"), Police

Officer Frederick Tifaro ("P.O. Tifaro"), Lieutenant Robert V. Verlotte ("Lt. Verlotte"),

Detective Howe, and Detective Moore (collectively, "Defendants") alleging various state and

federal constitutional violations arising from his arrest and prosecution in state court.  *See*

*generally* Complaint ("Compl.") [DE 1].  Plaintiff has filed a motion (1) seeking leave to file a

second amended complaint,[1] pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and

(2) seeking to unseal state court grand jury minutes.  *See* Plaintiff's Memorandum of Law in

Support of Motion to Amend and Unseal ("Pl.'s Mem.") [DE 50]; Plaintiff's Reply

---

[1]       The Complaint filed on January 4, 2019 is the current operative pleading in this
action.  *See* Compl.  As such, any amended pleading would constitute an amended complaint
despite Plaintiff characterizing it as a *second* amended complaint.

Memorandum of Law in Support of Motion to Amend and Unseal ("Pl.'s Reply") [DE 53].

Defendants oppose Plaintiff's motion in its entirety. *See* Defendant's Memorandum in

Opposition to Plaintiff's Motion to Amend and Unseal ("Defs.' Opp'n") [DE 51].

For the reasons which follow, Plaintiff's motion for leave to file an amended complaint

and to unseal state court grand jury minutes is GRANTED, in part, and DENIED, in part.

Plaintiff is directed to file an amended complaint within 21 days of entry of this Order.

## II.   RELEVANT BACKGROUND

### A.   Factual Background[2]

On October 30, 2017, Plaintiff brought his dog to the Massapequa Dog Park located in

Nassau County, New York.  Compl. ¶ 18.  After an argument arose among the dog owners in the

dog park, P.O. Lamonica and P.O. Tifaro were called to the scene.  *Id.* ¶ 24.  The officers

directed certain dog owners, including Plaintiff, to exit the dog park.  *Id.* ¶ 26.  Plaintiff exited

the dog park to speak with the officers, but then sought to re-enter the park to retrieve his dog.

*Id.* ¶ 27.  P.O. Lamonica physically blocked Plaintiff from re-entering the dog park to retrieve his

dog.  *Id.*  Plaintiff again attempted to retrieve his dog, while walking with his hands by his sides,

but P.O. Lamonica stepped in Plaintiff's walking path.  *Id.* ¶ 28.  This forced contact between the

two, after which P.O. Lamonica "falsely" accused Plaintiff of bumping into him.  *Id.*  P.O.

Lamonica proceeded to grab Plaintiff by the arm and neck and shove him against the police

cruiser.  *Id.* ¶ 29.  He then "slammed" Plaintiff to the ground, "intentionally fell directly on top of

Plaintiff," and "handcuffed Plaintiff so tight as to cause [him] further injuries."  *Id.* ¶ 31.

Thereafter, P.O. Lamonica claimed that Plaintiff not only bumped into him but also punched him

---

[2]     The Court's summary of the relevant facts is taken from the Complaint, and for purposes of this motion only.  The summary does not constitute findings of fact.  Rather, the Court assumes these facts to be true for purposes of deciding the motion.

in the face. *Id*. ¶ 30.  According to Plaintiff, this accusation was false and made solely as a

pretense to falsely arrest him. *Id*.

Plaintiff was then transported to the Seventh Precinct, where he was questioned by

Detectives Howe and Moore. *Id*. ¶¶ 33-34.  Plaintiff claims that the detectives "prepared a

typewritten statement containing false statements not issued by Plaintiff and intentionally

omitted exculpatory information which negated Plaintiff's commission of any crime." *Id*. ¶ 34.

Plaintiff also claims that P.O. Tifaro drafted a false felony complaint against him, which

"Lieutenant Verlotte authorized, supervised, and assisted in [] prepar[ing]." *Id*. ¶¶ 38-39.

According to Plaintiff, the detectives conspired with P.O. Lamonica and P.O. Tifaro to falsely

charge Plaintiff with a felony of assault in the second degree, resisting arrest, and obstruction of

government administration. *Id*. ¶ 36.

Plaintiff was thereafter detained in a holding cell for arraignment the following day, on

October 31, 2017. *Id*. ¶ 37.  After arraignment, Plaintiff was transported to the Nassau County

Correctional Facility and held there until he was released on bail. *Id*. ¶ 43.  On March 1, 2018, a

grand jury proceeding was instituted against Plaintiff in the New York State Supreme Court,

Nassau County, at which P.O. Lamonica and P.O. Tifaro, civilian witnesses and Plaintiff

testified. *Id*. ¶ 45.  The grand jury returned a "No True Bill" and all charges against Plaintiff

were dismissed. *Id*. ¶ 46.

In media coverage following Plaintiff's exoneration, Plaintiff claims that "Defendant

Police Spokesperson, John Doe # 1, published a defamatory statement to the press in the

underlying criminal matter, stating that '[The Nassau County Police Department] is extremely

disappointed in the result.'" *Id*. ¶ 48.  According to Plaintiff, this statement "reasonably

impl[ied] to the readers that the grand jury wrongly decided the case, that there was significant

evidence from which the grand jury should have held [Plaintiff] for trial on all charges and that [Plaintiff] was guilty of all charges when, in fact, the criminal case against him was made up of manufactured and false facts." *Id*. On May 8, 2018, Plaintiff served a Notice of Claim on Nassau County. *Id*. ¶ 49.

### B.  Procedural Background

On January 4, 2019, Plaintiff commenced this action against Defendants alleging eleven federal and/or state causes of action for false arrest, false imprisonment, malicious prosecution, failure to intercede, civil conspiracy, Fourteenth Amendment Due Process violations, and *Monell* liability. *See generally* Compl. On January 12, 2019, Defendants filed an Answer. *See* Answer [DE 12]. District Judge Feuerstein who was then assigned to this case held a conference with the parties on April 11, 2019. *See* DE 22.  Subsequently, on May 2, 2019, Plaintiff filed a brief letter motion to unseal the state court grand jury minutes on the grounds that Defendants' counsel, on two prior occasions, consented to unsealing the minutes. *See* DE 24; DE 26. Notwithstanding any prior representations purportedly made, Defendants opposed the motion arguing that under state law, the release of the grand jury minutes is prohibited by Criminal Procedure Law ("CPL") §190.25 (4) and Judiciary Law § 325, except upon the showing of a compelling and particularized need which was not made in these circumstances. *See* DE 25.  On May 9, 2019, Judge Feuerstein denied Plaintiff's motion "based upon [D]efendants' opposition, and [P]laintiff's failure to make the requisite strong showing of particularized need for release of the Grand Jury minutes." *See* May 9, 2019 Electronic Order.

Plaintiff filed an amended complaint on October 25, 2019 without any indication in the record that he was granted permission by the Court – or obtained consent from Defendants -- to do so. *See* DE 39.  Plaintiff subsequently filed his initial motion seeking leave to file an

amended complaint and to unseal the grand jury minutes. *See* Plaintiff's First Motion to Amend and Unseal ("First Mot. to Amend") [DE 40]. The proposed amended complaint which was attached to the motion was the amended complaint previously filed [DE 39] which sought to add claims for excessive force and assault and battery against Defendants Lamonica and Trifaro and for defamation against Defendant Police Spokesperson Jane/John Doe. *See* Proposed Amended Complaint ("PAC"), Ex. A to First Mot. to Amend [DE 40-1]. The PAC also removes Plaintiff's prior state and federal claims for false imprisonment and re-characterizes his claims for failure to intercede as a failure to supervise and intervene. *See id.* Lastly, the PAC seeks to include the full names of Defendants Howe and Moore, and to add Police Sergeant Michael Cibuls, Nassau County Correctional Officers John Does #1-3, and Nassau County Police Department Spokesperson Jane/John Doe as defendants in the action. *See id.* It is unclear precisely which claims are pleaded against the John Doe Correctional Officers.

On November 1, 2019, Judge Brown denied Plaintiff's initial motion, without prejudice, and with leave to renew after the parties met and conferred regarding the motion and submitted a joint proposed briefing schedule and discovery schedule. *See* November 1, 2019 Electronic Order. The parties proposed a discovery schedule as well as a briefing schedule for the anticipated motion to amend and to unseal the grand jury minutes. *See* DE 43. The schedules were "so ordered" by the Court the next day. *See* November 22, 2019 Electronic Order. On February 3, 2020, Plaintiff's fully briefed motion to amend and to unseal the grand jury minutes was filed. *See* Pl.'s Mem.; Defs.' Opp'n; Pl.'s Reply. On March 20, 2020, the case was reassigned to District Judge Joan Azrack and this Court.[3] *See* March 20, 2020 Electronic Order.

---

[3]       On August 27, 2019, the parties had consented to then Magistrate Judge Brown's jurisdiction for all purposes. *See* DE 37. After Judge Brown was confirmed as an Article III Judge, this matter was reassigned to Magistrate Judge Steven Tiscione on January 17, 2020. *See*

### III.   MOTION FOR LEAVE TO AMEND

#### A.   Standard[4]

Rule 15(a) of the Federal Rules of Civil Procedure provides that in cases where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2); *see Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).  Whether to grant leave to amend is a decision squarely within the district court's discretion.  *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 540 (2010) ("[Rule 15(a)] gives a district court discretion to decide whether to grant a motion to amend a pleading before trial."); *Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO,* 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) ("District courts 'have broad discretion in determining whether to grant leave to amend.'") (quoting *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000)).  A court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)).  "Amendments are generally favored because they tend to facilitate a proper decision on the merits."  *Rodriguez v. Ridge Pizza Inc.,* No. 16-CV-0254, 2018 WL 1335358, at *3-4 (E.D.N.Y. Mar. 15, 2018) (quoting *MHANY Mgmt. v. Cty. of Nassau*, 843 F. Supp. 2d 287,

---

January 17, 2020 Electronic Order.  On February 10, 2020, Defendants filed a motion to vacate consent to the Magistrate Judge's jurisdiction for all purposes, which was granted on March 20, 2020.  *See* DE 56; March 20, 2020 Electronic Order.

[4]     Liberal application of Rule 15(a) is warranted with respect to *pro se* litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim."  *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000).  Although Plaintiff is proceeding *pro se*, the Court notes that he has, on several occasions, advised that he was once a practicing attorney and requested differential treatment on that basis.  Nonetheless, whether a liberal application of Rule 15(a) is applied or not, Plaintiff's motion to amend must be denied, in part, as a matter of law.

340 (E.D.N.Y. 2012)); *see also Johnson v. Landmark Hosp. LLC*, No. 14-CV-6839, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016) (quoting *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998)).

A court should deny leave to amend only if there is "undue delay, bad faith or dilatory motive on the part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [nonmoving party,] ... [or] futility." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman*, 371 U.S. at 182); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-201 (2d Cir. 2007). The party opposing the amendment bears the burden of demonstrating good reason to deny the motion. *Speedfit, LLC v. Woodway USA, Inc.*, No. 13-CV-1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015); *see also Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 255–56 (S.D.N.Y. 2018) ("[Parties] opposing a motion to amend ... bear[ ] the burden of establishing that an amendment would be futile." ) (quoting *Bonsey v. Kates*, No. 13-CV-2708, 2013 WL 4494678, at *8 (S.D.N.Y. Aug. 21, 2013); *Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting *Cummings-Fowler v. Suffolk Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

Here, the proposed amendment is opposed on the grounds that it would be futile, but not on the grounds that bad faith or dilatory motive, undue delay, or undue prejudice exists. In assessing futility, courts must analyze "whether a proposed pleading would be able to withstand a dispositive pretrial motion." *Themis Capital, LLC v. Democratic Republic of Congo*, No. 09-

CV-1652, 2013 WL 1687198, at *6 (S.D.N.Y. Apr. 18, 2013) (citing *Parker*, 204 F.3d at 339); *Touchtunes Music Corp. v. Rowe Int'l Corp.,* 847 F. Supp. 2d 606, 621 (S.D.N.Y. 2012)).  "A proposed amendment would be futile when it would not survive a 12(b)(6) motion to dismiss." *Sodhi v. Mercedes Benz Fin. Servs., USA, LLC*, 957 F. Supp. 2d 252, 255 (E.D.N.Y. 2013); *see also Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) ("The Court ... reviews proposed amendments for futility pursuant to Rule 12(b).").  Therefore, a proposed amended complaint must "contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).

When a party objects to a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief." *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09-CV-1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation omitted).  In deciding whether an amended pleading asserts colorable claims or defenses, a court "is required to accept the material facts alleged in the amended [pleading] as true and draw reasonable inferences in the [movant's] favor." *Alkhatib v. New York Motor Group, LLC*, No. 13-CV-2337, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) (quoting *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014)); *see Panther Partners, Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) ("In assessing whether the proposed [amended] complaint states a claim, [courts] consider the proposed amendments along with the remainder of the complaint ... accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief.").  "A court is not required to make a final determination on the merits of a proposed claim or defense, but instead, must only 'satisfy itself that [the claim or

defense] is colorable and not frivolous.'"  *Rodriguez*, 2018 WL 1335358, at *3-4 (citation

omitted).

"If the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure,

which allows addition of a party ... also comes into play.  However, that creates no additional

obstacle, as the 'showing necessary under Rule 21 is the same as that required under Rule

15(a).'"  *Shi Ming Chen v. Hunan Manor Enter., Inc*., 437 F. Supp. 3d 361, 364 (S.D.N.Y. 2020)

(quoting *Soroof Trading Dev. Co. v. GE Microgen, Inc*., 283 F.R.D. 142, 147 (S.D.N.Y. 2012)).

## B.    Application

As an initial matter, the Court notes that a proposed amended complaint was not attached

to the instant motion which in itself is sufficient to deny the motion.  *See Tyk v. Surat*, No. 13-

CV-1532, 2015 WL 13214925, at *1 (E.D.N.Y. July 23, 2015) ("[P]laintiff has failed to provide

a proposed … Amended Complaint.  That is reason enough to deny the motion."); *Ackermann v.

N.Y.C. Dep't of Info. Tech. & Telecomms.*, No. 09-CV-2436, 2010 WL 1172625, at *1 (E.D.N.Y.

Mar. 24, 2010) ("[A]ny motion to amend must attach the proposed amended complaint

specifying the new claims and/or defendants [the plaintiff] intends to add."); *Schwasnick v.

Fields*, No. 08-CV-4759, 2010 WL 2679935, at *11 (E.D.N.Y. June 30, 2010) (finding that the

court may "deny leave to amend where the Plaintiff[ ] fails to submit a proposed pleading and

does not explain why").  However, a proposed amended complaint was previously filed on the

docket [DE 39] and was thereafter attached to Plaintiff's initial motion seeking leave to amend

[DE 40-1].  Although Plaintiff failed to attach a proposed amended complaint to the instant

motion, or clarify whether he seeks leave to file the previously submitted one, the Defendants in

opposing the motion attached what is characterized as "Plaintiff's Proposed Summons and First

Amended Complaint" to the Declaration of Spencer D. Shapiro, Esq.  *See* Declaration of Spencer

D. Shapiro, Esq. in Opposition to Motion to Amend ("Shapiro Decl.") [DE 52], ¶ 2.  Because the

attachment is in fact the previously submitted PAC [DE 39; DE 40-1], the Court will evaluate the

instant motion based on this proposed pleading.  *See* PAC, Shapiro Decl., Ex. D [DE 52-1].

A review of the PAC demonstrates that Plaintiff seeks to:  (1) add claims for defamation,

excessive force, and assault and battery; (2) add Police Sergeant Michael Cibuls, Nassau County

Correctional Officers John Does #1-3, and Nassau County Police Department Spokesperson

Jane/John Doe as parties; (3) include the full names of Defendants Howe and Moore; and

(4) re-characterize and remove certain existing claims pleaded in the original Complaint.  *See*

*generally* PAC, Shapiro Decl., Ex. D.  Plaintiff's motion and Defendants' opposition, however,

solely address Plaintiff's proposed defamation claim pleaded against Nassau County Police

Department Spokesperson Jane/John Doe, and do not address any of the additional amendments

found in the PAC.  Because Defendants have not opposed these additional amendments, they

have not met their burden of demonstrating good reason to deny Plaintiff's motion with respect

to these amendments.  *See Speedfit, LLC*, 2015 WL 6143697, at *3.  Moreover, the Court can

find no prejudice to Defendants which would result from permitting these amendments.  In light

of these considerations and the lenient standard under Rule 15(a), which provides that leave to

amend "should be freely give[n]," the Court grants Plaintiff's motion to amend to:  (1) add

claims for excessive force and assault and battery; (2) add Police Sergeant Michael Cibuls and

Nassau County Correctional Officers John Does #1-3 as defendants; (3) include the full names of

Defendants Howe and Moore; and (4) re-characterize and remove certain claims from the

original Complaint.

Turning to the contested aspect of the PAC, Plaintiff seeks to add a claim for defamation

against an unidentified County employee for statements published in a press article regarding the

outcome of Plaintiff's grand jury proceeding.  *See* Pls.' Mem. at 1-6; PAC at 33-34, Shapiro

Decl., Ex. D.  Defendants argue, among other things, that the amendment would be futile

because Plaintiff failed to comply with the notice of claim requirement under General Municipal

Law § 50-e in that he neither sufficiently set forth the nature of his defamation claim in the

Notice of Claim, nor amended or supplemented the Notice of Claim to set forth such a claim.

*See* Defs.' Opp'n at 10-13.  In response, Plaintiff does not dispute that his Notice of Claim is

deficient with respect to the defamation claim, but rather argues that Defendants had "actual

notice and/or knowledge of the essential facts of the defamation claim" since those facts are

predicated on the conduct and actions of a County employee.  *See* Pl.'s Reply at 2-3 (citing

*Ragland v. New York City Hous. Auth.*, 201 A.D.2d 7, 10, 613 N.Y.S.2d 937 (1994)).  Under

these circumstances, Plaintiff argues that leave to file an amended or late notice of claim should

be granted.  *Id.*

   "Under New York law, a notice of claim is a condition precedent" to bringing certain

tort actions against a municipality.  *Hart v. City of New York*, No. 11-CV-4678, 2013 WL

6139648, at *11 (S.D.N.Y. Nov. 18, 2013) (citing *Hardy v. N.Y.C. Health & Hosp. Corp.,* 164

F.3d 789, 793 (2d Cir.1999)); *see also Molina v. Cty. of Westchester*, No. 16-CV-3421, 2017 WL

1609021, at *6 (S.D.N.Y. Apr. 28, 2017) ("In New York, filing a [n]otice of [c]laim with a

municipality is a condition precedent to commencing a tort claim against any employee of that

municipality."); *Burris v. Nassau Cty. Dist. Attorney*, No. 14-CV-5540, 2017 WL 9485714, at

*16 (E.D.N.Y. Jan. 12, 2017), *report and recommendation adopted*, No. 14-CV-5540, 2017 WL

1187709 (E.D.N.Y. Mar. 29, 2017) ("This condition precedent to the commencement of a suit

also applies to state law claims set forth in actions brought in federal court, and applies with

equal force to actions commenced by a *pro se* plaintiff.") (internal citation omitted); *Caputo v*

11

*Copiague Union Free School District,* No. 15-CV-5292, 2016 WL 6581865, at *6 (E.D.N.Y.

Nov. 4, 2016) ("The notice of claim requirements apply equally to state tort claims brought as

pendent claims in a federal civil rights action") (internal quotation marks and citations omitted).

Pursuant to New York General Municipal Law § 50–e, the notice of claim must set forth the

nature of the claim and must be filed within 90 days of the date the claim arises, and the plaintiff

must commence the action within a year and ninety days from the date on which the cause of

action accrues. *Hart*, 2013 WL 6139648, at *11. "New York's law requires a plaintiff to plead

in the complaint that: (1) the plaintiff has served the notice of claim; (2) at least thirty days have

elapsed since the notice was filed (and before the complaint was filed); and (3) in that time the

defendant has neglected to or refused to adjust or to satisfy the claim." *Hardy,* 164 F.3d at 793.

In addition, "General Municipal Law § 50-e makes unauthorized an action against individuals

who have not been named in a notice of claim." *Molina*, 2017 WL 1609021, at *6 (quoting *DC*

*v. Valley Cent. Sch. Dist.*, 2011 WL 3480389, at * 1 (S.D.N.Y. June 29, 2011)). The notice of

claim requirement is ***strictly*** construed by New York state courts, and failure to comply with this

requirement "requires a dismissal for failure to state a cause of action." *Hardy*, 164 F.3d at 793-

794 (emphasis added).

      Significantly, Plaintiff does not dispute that his Notice of Claim does not sufficiently set

forth the nature of his defamation claim nor make any reference to such a claim. His attempt to

cure this deficiency by arguing that leave to file an amended or late notice of claim is warranted

is unavailing. The Court does not have the authority to grant such a request. New York General

Municipal Law § 50-e(7) "makes clear that *[a]ll* applications under this section *shall* be made to

the supreme court or to the county court." *Molina*, 2017 WL 1609021, at *6 (emphasis in

original) (citation omitted). "Accordingly, federal district courts are without jurisdiction to hear

these applications." *Id*; *see also Hart*, 2013 WL 6139648, at *11 ("Although '[t]he Second Circuit has not definitively ruled on whether a federal district court may grant a request to extend time to serve the notice of claim,' district courts in this Circuit 'have routinely found that they lack jurisdiction to even consider such an application.'") (citation omitted); *Dingle v. City of N.Y.,* 728 F. Supp. 2d 332, 348-49 (S.D.N.Y. 2010) ("Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim"). Because Plaintiff has failed to satisfy the notice of claim requirement as to his defamation claim, and this Court lacks jurisdiction to grant him an extension of time to file a notice of claim or an amended notice of claim, his motion to amend to include a claim for defamation is DENIED as futile. *See Molina*, 2017 WL 1609021, at *6 (rejecting plaintiff's request to file a late notice of claim and dismissing state law claims for plaintiff's failure to file a notice of claim); *Hart*, 2013 WL 6139648, at *11 ("Because Hart has failed to satisfy the requirements of § 50–e [by filing a notice of claim] and this Court lacks jurisdiction to grant him an extension of time to file his notice of claim, his motion to amend must be dismissed as futile."); *Hardy,* 164 F.3d at 793 (holding that because notice of claim requirements are construed strictly, the "[f]ailure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action").  In light of this finding, the Court need not address the merits of the parties' remaining arguments.

For the foregoing reasons, Plaintiff's motion to amend is DENIED as to both his proposed defamation claim and his attempted addition of "Police Spokesperson Jane/John [D]oe" as a defendant, but GRANTED as to all other proposed amendments.  Plaintiff has 21 days to file an amended complaint.

IV.   **MOTION TO UNSEAL**

A.      **Standard**

It is well-established that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Rehberg v. Paulk*, 566 U.S. 356, 374 (2012). "Under New York Criminal Procedure Law § 190.25(4), grand jury testimony is secret and may not be disclosed except by court order." *Baynes v. Ruderfer*, 234 F. Supp. 3d 574, 577 (S.D.N.Y. 2017). "[B]ecause 'a federal court is not bound by state law protecting the secrecy of state grand jury proceedings', [a] federal court presiding over [a] federal civil lawsuit must ... make 'an independent determination of whether the grand jury transcripts should be released' if [a] state court denies the request and the party seeking disclosure challenges that decision before the federal court." *Anilao v. Spota*, 918 F. Supp. 2d 157, 171 (E.D.N.Y. 2013) (citing inter alia, *Frederick v. New York City*, No. 11-CV-469, 2012 WL 4947806, at *11 (S.D.N.Y. Oct. 11, 2012), *reconsid. denied*, 2013 WL 310441 (S.D.N.Y. Jan. 24, 2013)).

"A federal court may ... authorize the disclosure of sealed state grand jury proceedings, even after a state court has declined to do so, upon a showing of particularized need outweighing the need for secrecy." *Ross v. City of New York*, No. 16-CV-0813, 2017 WL 455410, at *1 (E.D.N.Y. Feb. 2, 2017) (citations omitted). "A particularized need can be demonstrated by showing that the material sought 'is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the[ ] request is structured to cover only material so needed.'" *Zomber v. Vill. of Garden City*, No. 09-CV-4637, 2011 WL 3511011, at *2 (E.D.N.Y. Aug. 10, 2011) (citing inter alia, *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)). Courts have also recognized that "[t]he showing required is substantial." *Baynes*, 234 F. Supp. 3d at 577 (citing

*Alvarado v. City of New York*, No. 04-CV-2558, 2006 WL 2252511, at *2 (E.D.N.Y. Aug. 5, 2006)).

The Supreme Court in *Douglas Oil* articulated several interests[5] that underlie the rules regarding grand jury secrecy, including the need "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes."[6] *Douglas Oil Co.*, 441 U.S. at 219 n.10, 99 S.Ct. 1667 (citations omitted).  This consideration weighs heavily in favor of keeping the requested testimony secret.  *Bayne*, 234 F. Supp. 3d at 579.  Moreover, the court called upon to determine whether grand jury transcripts should be disclosed is imbued with wide discretion.  *See Anilao*, 918 F. Supp. 2d at 174 (citing *Douglas Oil Co.,* 441 U.S. at 223, 228, 99 S.Ct. 1667; *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 399, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959)).

### B.      Application

Plaintiff's motion seeks to unseal the state court grand jury minutes related to his prosecution and the "official records and papers of the District Court of Nassau County, Nassau County Police Department, and Nassau County District Attorney's Officer."  *See* Pl.'s Mem.

---

[5]      The New York courts have articulated similar reasons supporting grand jury secrecy.  *See Dave v. Cty. of Suffolk*, No. 15-CV-3864, 2017 WL 2414649, at *3 (E.D.N.Y. June 2, 2017).

[6]      The reasons for grand jury secrecy which a court should keep in mind when deciding whether the need for secrecy is outweighed by the need for disclosure in a particular case are: "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."  *Douglas Oil*, 441 U.S. at 219 n. 10 (citations omitted).

at 7.  As to the grand jury minutes, Plaintiff specifically seeks to unseal the complete testimony

of the Defendants Lamonica and Trifaro, the "unavailable" witness Gautam Khanna, and the

witnesses Virginia Kehoe and Laura Cusmano, along with all of the exhibits presented to the

grand jury.[7]  *Id*. at 13.  In opposition to the motion, Defendants argue that Judge Feuerstein has

already denied Plaintiff's request to unseal the state court grant jury minutes on May 9, 2019

and, therefore, the law of the case doctrine precludes Plaintiff's renewed request in the instant

motion.  *See* Def.'s Opp'n 14-17.  Alternatively, Defendants argue that Plaintiff has not

sufficiently demonstrated a particularized need for the grand jury minutes.  *Id*. at 19.

Because Judge Feuerstein's May 9, 2019 Order was not a final order, Rule 54(b) governs

the instant motion.  For non-final orders, Rule 54(b) allows for reconsideration in the district

court's equitable discretion.  *See, e.g., Buczakowski v. 1199SEIU*, No. 18-CV-0812, 2020 WL

2092480, at *2 (N.D.N.Y. May 1, 2020); *Kaplan v. City of New York*, No. 14-CV-4945, 2018

WL 2084955, at *5 (S.D.N.Y. Mar. 22, 2018); *Vicuna v. O.P. Schuman & Sons, Inc.,* 298 F.

Supp. 3d 419, 432 (E.D.N.Y. 2017).  Motions under Rule 54(b) are subject to the law of the case

doctrine, *Buczakowski,* 2020 WL 2092480, at *2 (citation omitted), which means that the

---

[7]        With respect to a request for grand jury minutes, a plaintiff needs to first make an
application to the state court which supervised the grand jury process.  *See Ruther v. Boyle*, 879
F. Supp. 247 (E.D.N.Y. 1995); *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218-
19 (1979) (as a matter of comity, an application for grand jury material should first be made to
the State Court supervising the grand jury)).  If general, if a state court *denies* a request for grand
jury documents, a party may challenge that decision before the district court.  *See, e.g., Anilao,*
918 F. Supp. 2d at 171 (noting that a federal court may make an independent determination of
whether grand jury materials should be released "if the state court denies the request and the
party seeking disclosure challenges that decision before the federal court.").  Plaintiff Domni
made an application to unseal the grand jury minutes before the New York State Supreme Court,
County of Nassau, Criminal Court.  That application was denied on August 23, 2019.  *See*
Shapiro Decl., Ex. C [DE 52-3].

decision "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F. 3d 147, 167 (2d Cir. 2003) (citation omitted); *see also Jordan v. Tucker, Albin & Assocs.*, No. 13-CV-6863, 2018 WL 4259987, at *2 (E.D.N.Y. Sept. 6, 2018).   Although these factors are not identically present here, the unusual circumstances under which the initial motion was made as well as a change in circumstances which is described below warrant the Court's exercise of its discretion to consider Plaintiff's renewed request in the interest of justice. The initial letter motion to unseal – a one-page and line letter motion attaching a proposed order to unseal -- was filed when Plaintiff was represented by counsel.   The submission contained no substantive law, was filed in response to Judge Feuerstein's directive at the conclusion of the April 11, 2019 status conference (*see* DE 22) and was based on counsel's mistaken impression that Defendants consented to the motion.[8]   *See* DE 24, DE 26.   However, that proved not to be the case.   Apparently, between the August 2, 2018 50-H hearing and the April 30, 2019 proposed Order submitted by Attorney LaPinta on behalf of the Plaintiff, Deputy County Attorney Scileppi changed his mind.   On May 2, 2019, Attorney Scileppi filed a letter opposing the release of the

---

[8]       The Court points out that Plaintiff's prior counsel, Anthony LaPinta, as part of his letter motion to unseal the document, attached the following excerpt from Plaintiff's 50-H hearing conducted by counsel for Nassau County and Mr. Domni's prior attorney:

County Atty:   I'm going to ask you to stipulate to releasing his grand jury testimony and I'm going to ask you to consent to unsealing the entire grant jury record so I have those witness' statements.

Pltf.'s Atty:   I'm inclined to accede to that request.  I ask you [] reduce it to writing and we'll respond formally.

DE 26-1; *see also* DE 26-2.

Grand Jury minutes on the grounds that Plaintiff was relying solely on the colloquy between Plaintiff's attorney and Judge Feuerstein at the April 11, 2019 conference and Plaintiff had failed to set forth "any strong showing of a particularized need." DE 25. Judge Feuerstein thereafter denied the motion in a May 9, 2019 Electronic Order.

Because "grand jury materials ... are traditionally protected by a 'General Rule of Secrecy[,]'" a party seeking disclosure "must make a particularized showing of compelling need; proof of mere relevance, economy, and efficiency will not suffice." *Galgano v. Cty. of Putnam*, No. 16-CV-3572, 2020 WL 5731783, at *2 (S.D.N.Y. Sept. 24, 2020) (*United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1174 (2d Cir. 1983)); *see also Hasan v. Onondaga Cty.*, No. 18-CV-806, 2020 WL 1933581, at *2 (N.D.N.Y. Apr. 21, 2020) ("A particularized need can be demonstrated by showing that the material sought 'is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the[ ] request is structured to cover only material so needed.'"). Plaintiff has not sufficiently demonstrated that the grand jury minutes, with the exception of Gautam Khanna's testimony, is needed to avoid a possible injustice. Aside from the general claim that the grand jury minutes are required to "assist him in prosecuting his claims," Plaintiff provides no basis for the broad request to unseal the entire grand jury minutes. Pl.'s Mem. at 8. Plaintiff has not completed depositions and has not presented any evidence that the grand jury minutes would provide any additional information beyond what normal discovery has already revealed or could reveal, again with the exception of Gautam Khanna's testimony. As to Gautam Khanna, Plaintiff contends that he was not only an eyewitness to Plaintiff's arrest, but Khanna was also the individual who recorded the arrest on his cell phone. Pl.'s Mem. at 10. Because Gautam Khanna passed away on March 26, 2018, the circumstances here have changed substantially.

Plaintiff cannot obtain an affidavit from Khanna nor call him as a witness at trial.  The recording made by Khanna is the only recording of the arrest.  *Id*.  Accordingly, the Court finds that unsealing Gautam Khanna's grand jury testimony, along with any exhibits introduced during his testimony, is needed to avoid a possible injustice.

The Court reaches a different conclusion regarding the remainder of the grand jury minutes.  Plaintiff provides no specific explanation for his request to unseal the grand jury testimony of Virginia Kehoe and Laura Cusmano, along with all of the exhibits presented to the grand jury.  Plaintiff broadly claims that the material is relevant which is an insufficient assertion to warrant disclosure.  *See Galgano*, 2020 WL 5731783, at *2.  Although Plaintiff contends that the grand jury testimony of Defendants Lamonica and Trifaro is required to test their credibility and possibly impeach them, Pl.'s Mem. at 11, "it is not enough to assert that grand jury testimony might theoretically be used to impeach a witness or refresh the witness's recollection." *Baynes*, 234 F. Supp. 3d at 578.  Rather, "the requesting party must demonstrate some specific respect in which the grand jury testimony likely contradicts trial evidence or supplies material information that is otherwise lacking." *Id*. (quoting *Rechtschaffer v. City of New York*, 2009 WL 773351, at *4 (S.D.N.Y. Mar. 18, 2009)); *see also Alvarado*, 2006 WL 2252511, at *4 (unsupported assertions that the grand jury testimonies of the police witnesses and complainant differ from the contents of their prior reports and testimony do not warrant disclosure of grand jury materials in connection with plaintiff's claim for malicious prosecution).  Plaintiff's vague and undeveloped assertion that "[b]ased on his cross-examination, Plaintiff has a 'good faith belief' … that Officer Lamonica and Trifaro gave testimony which is in direct conflict with the reason stated in the official Police Report in the underlying bogus criminal case" is insufficient to meet this standard.  Pl.'s Reply at 17; *see also Galgano*, 2020 WL 5731783, at *2

("Defendants' desire to cull impeachment material or 'bad acts' evidence from the record before that Grand Jury is not a sufficient basis to order their disclosure.").

For similar reasons, Plaintiff has not demonstrated that the need for disclosure of the entire grand jury minutes is greater than the need for continued secrecy, and that the request is structured to cover only material so needed.  Plaintiff's reliance on *Palmer v. Estate of Stuart,* 2004 WL 2429806, at *1 (S.D.N.Y.2004), *Gonzalez v. Cty. of Suffolk*, No. CV 09-1023, 2014 WL 1669134, at *1 (E.D.N.Y. Apr. 23, 2014), and on *Anilao*, 918 F. Supp. 2d at 171 is unavailing.  In *Palmer,* a false arrest and false imprisonment case, the court expressly released the entire grand jury record because "probable cause was found based on the preliminary hearing testimony but not found based on the grand jury testimony," which the court characterized as "a highly unusual occurrence ... unexplained by anything in the record."  *Palmer*, 2004 WL 2429806, at *3.  Also distinguishable is *Anilao,* a malicious prosecution case predicated upon the court's finding that "the Grand Jury issued an Indictment for crimes for which plaintiffs could not constitutionally be tried," and, as such, plaintiffs were "entitled to see in this case what evidence and legal instructions led to those impermissible charges."  *Anilao*, 918 F. Supp. 2d at 177–78.  In *Gonzalez*, the court did not unseal the entire grand jury minutes as Plaintiff contends. *See Gonzalez*, 2014 WL 1669134, at *1 ("Because plaintiffs have not satisfied the substantial burden of demonstrating a particularized need for the entire record of the grand jury proceedings, I find that wholesale disclosure of the minutes is inappropriate.").  Nonetheless, *Gonzalez* involved "allegations that the grand jury presentation may have been deficient in some manner or served as part of the cover-up of the underlying unconstitutional policies."  *Id*. at *8.  Here, Plaintiff has not explained how the instant action is analogous to any of these situations.

20

As to the records maintained by the Nassau County Police Department, the Deputy County Attorney is responsible for obtaining copies of any non-privileged records as part of the discovery process and providing a copy to all other parties.  The Court is directing Deputy County Attorney Scileppi to respond to the Court by December 23, 2020 whether such records were obtained from the NCPD and provided to the Plaintiff.

For the foregoing reasons, having considered the parties' arguments (*see* DE 50, 51, 52, 53), the Court finds that Plaintiff has not demonstrated a compelling particularized need for the disclosure of the state court grand jury minutes, with the exception of the grand jury testimony of witness Gautam Khanna and the exhibits introduced during Mr. Khanna's testimony.  Plaintiff's motion to unseal therefore is GRANTED to the limited extent that the testimony of Gautam Khanna and any exhibits which were introduced during Khanna's testimony are to be obtained by the County Attorney's Office and produced to Plaintiff by January 14, 2021.  However, as to all other portions of the grand jury minutes, Plaintiff's motion is DENIED.

## V.    CONCLUSION

For the reasons set forth in this Memorandum and Order, Plaintiff's motion to amend is GRANTED, in part, and DENIED, in part.  Further Plaintiff's motion to unseal is Plaintiff is GRANTED, in part, and DENIED, in part.   Plaintiff is directed to file his amended complaint in the Clerk's Office within 21 days (January 12, 2021).  Further, the Office of the County Attorney of Nassau County is directed to obtain and produce the grand jury testimony of deceased witness Gautam Khanna and the exhibits introduced during Mr. Khanna's testimony by January 14, 2021.

The parties are further directed to submit a joint status report by January 12, 2021 stating the following:  (1) what impact the amended complaint has on discovery in this action; (2) what

further discovery demands, if any, need to be served by the parties; and (3) what specific fact depositions the parties respectively intend to take.

       **Counsel for Nassau County is directed to serve a copy of this Memorandum and Order upon Plaintiff Lek Domni forthwith by first-class mail (and email if feasible) and to file proof of such service on ECF promptly**.

**SO ORDERED.**

Dated: Central Islip, New York
       December 21, 2020

                                    /s/ A. Kathleen Tomlinson
                                    A. KATHLEEN TOMLINSON
                                    United States Magistrate Judge