UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
LEK DOMNI,

                              Plaintiff,

      -against-

COUNTY OF NASSAU, POLICE OFFICER
CHRISTOPHER LAMONICA, POLICE OFFICER
FREDERICK TIFARO, LIEUTENANT ROBERT V.
VERLOTTE, DETECTIVE HOWE (FIRST NAME
UNKNOWN), DETECTIVE MOORE (FIRST NAME
UNKNOWN), AND POLICE OFFICERS JOHN AND
JANE DOES 1-3,

                             Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-00083 (JMA) (AKT)

FILED
CLERK
6/17/2021 10:41 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Pending before the Court[1] are the pro se Plaintiff's objections pursuant to Federal Rule of Civil Procedure 72(a) (ECF No. 86) and supplemental objections (ECF Nos. 91, 107) to Magistrate Judge A. Kathleen Tomlinson's September 15, 2020 Order (ECF No. 81), and Plaintiff's objections (ECF Nos. 92, 122, 130) to Judge Tomlinson's November 30, 2020 Order.[2] (ECF Nos. 90, 96.)

# I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a), a district court may modify or set aside a non-dispositive order of a magistrate judge only where it finds that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, a magistrate

---

[1] On June 10, 2021, Plaintiff filed a letter addressed to Chief Judge Margo K. Brodie requesting that this case be transferred, but has not filed a motion for recusal with this Court. (ECF No. 134.) In his letter, Plaintiff complains about delays in deciding pending motions and objections to Judge Tomlinson's decisions on the discovery motions. The Court notes that these delays are caused in significant part by Plaintiff's filing of successive motions, objections, and supplemental objections regarding the same issues.

[2] Judge Tomlinson issued a subsequent substantive written decision on December 21, 2020. (ECF No. 96.) The Court refers to both ECF Nos. 90 and 96 as the "November 30 Order."

1

judge's findings "should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (quoting Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008)). Similarly, under the "contrary to law" standard of review, a district court may reverse a finding only if it finds that the magistrate failed to apply or misapplied relevant statutes, case law or rules of procedure. Id. (quoting Garcia v. Benjamin Grp. Enter. Inc., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011)) (internal quotation marks omitted).

## II. ANALYSIS

Plaintiff objects to two orders regarding discovery issued by Judge Tomlinson.

**A. September 15, 2020 Order**

Plaintiff objects to Judge Tomlinson's September 15, 2020 Order (ECF No. 81) regarding Defendants' motion to quash Plaintiff's subpoena of the NYPD, a non-party in this action, for records of defendant police officer Christopher Lamonica, who previously worked for the NYPD. (ECF No. 86.) Judge Tomlinson declined to quash the subpoena, but found that it was overly broad and required Plaintiff to modify the subpoena if he still wished to serve it. (ECF No. 81.) Judge Tomlinson directed Plaintiff to submit a revised subpoena for review. (Id.) In his objections, Plaintiff argues that: (1) requiring a pro se plaintiff to receive permission from the Court prior to the issuance of any subpoenas is a violation of Federal Rule of Civil Procedure 45(a)(3); (2) that Defendants lacked standing to challenge a subpoena to a non-party; and (3) that Judge Tomlinson misapplied the relevancy standard for discovery disputes in ruling on the subpoena. (ECF No. 86.) The Court finds none of these arguments to be persuasive.

First, the Court denies Plaintiff's objection/appeal of Judge Tomlinson's requirement that the pro se Plaintiff first receive permission from her prior to the issuance of any subpoenas. As an initial matter, Plaintiff did not raise timely objections to Judge Tomlinson's imposition of this requirement. Therefore, Plaintiff waived his objections.[3] Fed. R. Civ. P. 72; Mejia v. Roma Cleaning, Inc., 751 Fed. Appx. 134, 136 (2d Cir. 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object). Moreover, the Court finds that Judge Tomlinson appropriately used her discretion in requiring prior approval of subpoenas. Requiring a pro se plaintiff to obtain permission of the Court prior to the issuance of a subpoena (or, in this case, 20 subpoenas) does not violate the Federal Rule of Civil Procedure. See Fed. R. Civ. P. 26; Fed. R. Civ. P. 45(a)(3); cf. Galloway v. Islands Mech. Contractor, Inc., No. 08-CV-071, 2013 WL 163985, at *5 (D.V.I. Jan. 14, 2013) ("Many courts have found that Rule 45 subpoenas fall within the confines of Rule 26 discovery and are subject to Rule 26 discovery limitations[.]"). Furthermore, the requirement imposed by Judge Tomlinson is particularly warranted given the circumstances of this case, including the number and substance of Plaintiff's submissions to the Court.

Second, Plaintiff argues that, after the repeal of N.Y. Civil Rights Law § 50-a, Defendants do not have standing to move to quash the subpoena of the non-party NYPD because, according to Plaintiff, a party must assert a personal right or privilege in order to move to quash a non-party subpoena. Regardless of whether Defendants had standing to move to quash the subpoena, Judge

---

[3] On April 3, 2020, the pro se office informed Plaintiff by letter that it was returning the 20 subpoenas he had submitted because he "must first obtain an authorization from the Magistrate Judge assigned to the case, in this instance, Judge Tomlinson" before his subpoenas could be issued. (ECF No. 61.) Judge Tomlinson then reaffirmed this requirement in her order dated April 8, 2020. (ECF No. 62.) On April 14, 2020, Plaintiff submitted three subpoenas to Judge Tomlinson for review and on April 17, 2020, responded to Defendants' motion to quash. (ECF Nos. 64, 67.) Plaintiff, however, did raise any objections to the requirement that he first obtain the Court's authorization to serve a subpoena until June 22, 2020—more than two months after Judge Tomlinson issued her April 8, 2020 order. (ECF No. 79.)

Tomlinson had the authority to sua sponte quash the subpoena.[4]  See Sheindlin v. Brady, No. 21-CV-01124, 2021 WL 2310463, at *1, n.3 (S.D.N.Y. June 6, 2021) ("It is true that a party ordinarily lacks standing to challenge a subpoena served upon a non-party . . . [However,] the Court has authority under Rule 26 to quash subpoenas sua sponte if they seek testimony that is not relevant to any party's claim or defense.") (citing Fed. R. Civ. P. 26(b)(2)(C)).

Finally, Plaintiff argues that Judge Tomlinson "misapplied the 'relevancy standard' for discovery" in limiting the scope of the subpoena. (ECF No. 86 at 6–8.) Here, Plaintiff rehashes his argument that Defendants lack standing to object to the subpoena—an argument which the Court disposed of above. Plaintiff also asserts, in conclusory fashion, and without addressing any of the specific limitations set out in Judge Tomlinson's order, that she improperly applied the relevancy standard for the admissibility of evidence to this discovery dispute. (ECF No. 86 at 7–8.) This conclusory argument is not persuasive. Finally, Plaintiff maintains that, Judge Tomlinson's ruling on the NYPD subpoena was erroneous given the repeal of N.Y. Civil Rights Law § 50-a. This argument also fails. Cf. Saavedra v. City of New York, No. 19-CV-7491, 2021 WL 104057, at *2 (S.D.N.Y. Jan. 12, 2021) (following the "'prevailing practice' of courts in this Circuit" in limiting discovery concerning officer complaints and disciplinary history, and explaining that the repeal of the repeal of § 50-a "does not affect our determination here because 'New York state law does not govern discoverability and confidentiality in federal civil rights actions.'"). Accordingly, the Court does not find that the September 15, 2020 order was "clearly

---

[4] The ability of the Court to sua sponte quash a subpoena even if Defendants lack standing to oppose the subpoena also illustrates that Judge Tomlinson's requirement for submission of all subpoenas to the Court has not prejudiced Plaintiff. Even absent that requirement, Plaintiff would still have been required, by Rule 45(a)(4), to provide Defendants with copies of any subpoenas prior to serving those subpoenas. Upon receipt of such a subpoena, the Defendants could provide a copy of the subpoena to Judge Tomlinson, who has the authority to sua sponte quash a subpoena even if the Defendants lack standing to challenge the subpoena.

4

erroneous or contrary to law," and, therefore, affirms this order with minor modifications set out below.

The Court finds that the restrictions imposed by Judge Tomlinson on the subpoena were permissible. Nevertheless, in an abundance of caution, the Court will permit Plaintiff's subpoena to the NYPD to cover records from October 2009 through October 2017 given the representation in Plaintiff's April 17, 2020 letter that Defendant Lamonica was inactive at the NYPD from 2015 through 2017. (ECF No. 67.) Additionally, the Court will permit Plaintiff's subpoena to cover records of claims or complaints against Defendant Lamonica that are substantiated or unsubstantiated. Accordingly, the Court will permit Plaintiff to submit a revised subpoena—which includes the above temporal limitation, substantiated or unsubstantiated claims or complaints, and the other conditions imposed by Judge Tomlinson (including in camera review)—for review and to be "so ordered" by Judge Tomlinson.

**B. November 30, 2020 Order**

Plaintiff objects to Judge Tomlinson's November 30, 2020 Order (ECF Nos. 90, 96) which granted in part and denied in part his request to unseal grand jury minutes from the underlying criminal prosecution. Specifically, Judge Tomlinson granted Plaintiff's motion to unseal the grand jury minutes only as to the testimony of one witness and the exhibits that were introduced during that witness's testimony, but otherwise denied the motion to unseal based on Plaintiff's failure to show the requisite compelling particularized need. (ECF No. 96 at 21.) The Court does not find that the November 30, 2020 Order was "clearly erroneous or contrary to law," and therefore affirms this order.

## III. CONCLUSION

For the reasons set forth above, the Court affirms Judge Tomlinson's September 15, 2020 Order, (ECF No. 81), with the above minor modifications, and affirms the November 30, 2020 Order, (ECF Nos. 90, 96.) The Court grants Plaintiff's motion to extend the page limit for his brief regarding the September 15, 2020 Order, (ECF No. 84), and grants, nunc pro tunc, Plaintiff's motion for an extension to file objections to the November 30, 2020 Order, (ECF No. 92.) The Court denies Plaintiff's motion for a Rule 16 conference, (ECF No. 85), at this time and directs the parties to continue discovery in accordance with Judge Tomlinson's directives.

**SO ORDERED.**

Dated: June 17, 2021
Central Islip, New York

                                                 /s/ (JMA)
                                                 JOAN M. AZRACK
                                                 UNITED STATES DISTRICT JUDGE