**LAURA CURRAN**
**County Executive**



**JESSICA MOLINARES KALPAKIS**
**Acting County Attorney**

# COUNTY OF NASSAU
## OFFICE OF THE COUNTY ATTORNEY

*Via ECF*

December 30, 2021

Hon. Steven I. Locke
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re: Domni v. County of Nassau, et al.
      19-CV-00083 (JMA/SIL)
      Opposition to Plaintiff's Letter Motion
      ECF 146

Dear Judge Locke:

  This office represents the Defendants in this action. This letter is submitted in opposition to the Plaintiff's letter motion to compel depositions.

  I should first note that the County has no objection to producing PO Trifaro for depositions. I have met with my client and the only question is scheduling an appropriate date for his deposition. Given that such arrangements must be made through appropriate channels, to require the deposition, under threat of sanction, be conducted "within 20 days of" an order, puts an unreasonable burden on the Defendants and the motion is opposed to that extent.

  I should also note that Plaintiff is exceedingly difficult to deal with. His failure to abide by rules and normal standards of civility are demonstrated by his own motion (ECF 146). Not only does Plaintiff fail to abide by 4.A.i of the Court's rules (requiring letter motions to be no longer than exceed three pages, while Plaintiff's motion is four pages long), plaintiff also gratuitously mentions a decade old decision by Judge Bolye involving the undersigned. Plaintiff fails to mention that the decision was later vacated.

  Communications with the Plaintiff are difficult at best and are made more difficult by his bullying demeanor and his insistence on belittling my clients. Such statements include, but are not limited to:

> As for describing your clients as "lying oath-breakers" in emails or media interviews may not be "privileged" but it is the truth. That's all I care about. Email: Thu 9/23/2021 6:08 PM

> Get your guys ready for a perp walk of shame. Email: Thu 12/2/2021 4:27 PM.

> Keep it up and I promise you'll end up before the Disciplinary Board with the others ... or fired like Scileppi.[1] Email December 10, 2021 4:25 PM.

> What's the third email address Bozo? … Grow up. Email Thu 11/4/2021 4:48 PM.

If the Court is unaware, Plaintiff is a lawyer who practiced in the Commonwealth of Pennsylvania from 1986 until his suspension in 2016, based upon the Report and Recommendation of the Disciplinary Board. As such, he cannot claim the special consideration which the courts customarily grant to *pro se* parties. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 86 [n.4] (2d Cir. 2001); *quoting Harbulak v. Cty. of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981). Local Rule 26.4 requires counsel to be "courteous in their dealings with each other." The standard should be no different for the Plaintiff in this action.

Plaintiff's request that PO Trifaro be permitted "freely (i.e. without asserting his Fifth Amendment right against self-incrimination)" should likewise be denied. What Plaintiff is suggesting is that all privileges should be deemed waived in the depositions in this action. One could expect, therefore, that Plaintiff will, if given such permission, begin to inquire about the discussions between PO Trifaro and his attorneys. Officer Trifaro has waived none of his rights as a result of being sued by the Plaintiff.

I became responsible for this file several months ago. I believe that I am the fourth Deputy to be responsible for this file. Needless to say, each attorney organizes matters differently and the paper file, a box worth of materials was nothing compared with organizing three different attorneys' electronic files. I make this statement not as an excuse, but rather to state that despite my present familiarity with the matter, there may yet be details with which I am not familiar.

It is my understanding, however, that Plaintiff has been directed by the Court to cease filing any further motions until the Court issued its rulings on the then current motions. Order dated June 18, 2020. Therefore, unless there have been rulings on those motions, which I believe there have not, the instant motion was made in violation of that Order.

In summary, it is respectfully requested that the Court deny the Plaintiff's motion, that Plaintiff be directed to comport himself as an attorney and that if the Court were to direct the deposition of PO Trifaro on a date certain (which deposition the Defendants intend to have conducted in any event), that they be afforded forty days to arrange for that deposition to allow time for the administrative process of arranging for a police officer's deposition.

Respectfully Submitted,

Andrew R. Scott
Deputy County Attorney

---

[1] Jeremey Scileppi was a former Deputy County Attorney assigned to this matter, who retired after over thirty years of government service.