# LEK DOMNI
## 2 Lourae Drive
## Massapequa Park, NY 11762

215-292-3615(c)

LD302@optimum.net

June 13, 2022

VIA HAND DELIVERY
Hon. Steven I. Locke
U.S. Magistrate Judge
United States District Court
100 Carman Plaza
Central Islip, NY 11722

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 13 2022 ★

LONG ISLAND OFFICE

> Re:  **Lek Domni v. County of Nassau, et al.,**
> **C.A. No. 19-CV-083 (JMA/LGD)**
> **MOTION – *Motion to Enforce Subpoena (Town of Oyster Bay)***

Dear Judge Dunst:

Congratulations on your appointment to the Federal bench and welcome to the case!

Presently before the Court, is Plaintiff's Motion to Enforce a U.S. District Court subpoena served on non-party, Town of Oyster Bay (TOB), on or about March 17, 2022 for records relating to a Town of Oyster Bay public safety officer. This officer is an *alleged* witness to Plaintiff's false arrest, etc., at the Massapequa Dog Park on October 30, 2017. The return date on the Subpoena was April 18, 2022. **Exhibit A, Subpoena.** The Public Safety Officer in question provided a written statement to Nassau County police at some point after the arrest and after he had left the Park. Plaintiff disputes the Public Safety Officer's presence at the Dog Park at the time of his arrest.

To date, the TOB has failed to (1) served substantive and responsive documents; (2) serve objections to the Subpoena; (3) file a motion with the Court for a protective order; or (4) respond to Plaintiff's June 2, 2022 email inquiring on the status to the Town's response.

Approximately three (3) weeks ago, Plaintiff spoke to the assigned TOB attorney, Beth Faughnan, Esquire as to the status of the Town's response in order to obviate the need for the instant Motion and in order to comply with Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 26.4(a). ***See,* Certification, attached hereto**. During our phone conversation, Attorney Faughnan explained to Plaintiff that she spoke with the Commissioner of Public Safety and that they had a prepared Incident Report for me. When I inquired as to the status of the other government documents such as *daily attendance sheets, daily patrol logs, disciplinary and personnel files, etc.,* that are the subject of the Subpoena, Attorney Faughnan explained – incredulously, to this Plaintiff – that the Safety Office kept no such records such as attendance sheets and daily patrol logs. When Plaintiff questioned Ms. Faughnan about the Town's alleged lack of such routine paperwork, she stated that she was only passing on information that she learned from the Commissioner of Public Safety but that she would check again and get back to me.

Approximately a week later, Plaintiff sent an email on June 2, 2022 to Ms. Faughnan confirming our prior conversations and re-listing the subject documents of the Subpoena. In conclusion, Plaintiff wrote the following:

> I need you to provide [me] with a date certain as to when I can expect to receive full and complete responses to the above document requests. I will also need copies of all back-up information that were relied upon to write the aforementioned Incident Report. Please let me know by the end of the week or I will begin to prepare a Motion to Enforce Subpoena to be filed before Magistrate Judge Locke, who is assigned to this case.
>
> Thank you for your prompt attention to this matter.
>
> -Lek Domni

**Exhibit B, Email from Plaintiff to Beth Faughnan, Esquire, 6/2/22.**

To date, Plaintiff has received no response from the Town of Oyster Bay.

Based on the foregoing, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff's instant Motion.

Respectfully submitted,

Lek Domni

cc: Beth Faughnan, Esquire (via email)
    Andrew Scott, Deputy County Attorney (via email)

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | | |
|---|---|---|
| Lek Domni | ) | |
| *Plaintiff* | ) | Civil Action No. 19-cv-083(JMA)(SIL) |
| v. | ) | |
| County of Nassau, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Town Of Oyster Bay, Custodian of Records
c/o Paul Ehrich, Esquire
54 Audrey Avenue, Oyster Bay, NY 11771

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A attached hereto for Instructions and Documents requested.

| Place: 2 Lourae Drive<br>Massapequa Park, NY 11762 | Date and Time: APRIL 18,<br>~~April~~, 2022 @ 2:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: FEB 2 5 2022

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*     OR     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lek Domni, Pro se
_____, who issues or requests this subpoena, are:

2 Lourae Dr., Massapequa Park, NY 11762; Email: LD302@optimum.net; Phone: 1-215-292-3615 (cell)

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).





# SCHEDULE A

## I.   GENERAL INSTRUCTIONS

A.     This Subpoena is directed to the Town of Oyster Bay, New York, which will hereinafter be referred to collectively as "you" or "your." This Subpoena requires you to produce to the Plaintiff, Lek Domni, full and complete copies of all requested documents that are in your possession, custody, or control or in the possession, custody, or control any of your attorneys, agents, representatives, financial advisors or officers, accountants, or consultants.

B.     The term "document" shall have the meaning set forth in the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitation, originals, non-identical copies, drafts, emails, text messages, and/or electronic or computer data storage and shall include, without limitation, all materials of any kind including, but limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs.  "Documents" also refers to microfilm, microfiche, videotape, motion pictures, audiotape and/or any other means of electronic and/or mechanical recording.

C.     The term "concerning" or "relating" means "referring to, describing, evidencing, or constituting."

D.     For and requested document that you claim to be protected by privilege or immunity, state as to each such document the privilege or immunity asserted and the following information:

1. the author(s);

2. the recipient(s) (including those copied);

3. the date;

4. the subject matter of the document; and

5. the basis for the claim of privilege or immunity.

E. As used herein, the singular shall include the plural, and *vice versa.*

F. As used herein, "or" shall include "and/or;"

G. If documents responsive to a particular request no longer exist, but are known to have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the request(s) to which they are responsive, and identify any person having knowledge of the content of such documents.

## II.   DOCUMENTS TO BE PRODUCED

1. Produce all of the following documents in the possession of the Town of Oyster Bay concerning Public Safety Officer, Vincent Cassano's response to an incident involving the arrest of Lek Domni at the Massapequa Dog Park on October 30, 2017:

   a. All statements, memoranda, emails, letters, reports concerning the incident at the Massapequa Dog Park on October 30, 2017 involving the arrest of Lek Domni;

   b. Assignment sheets, patrol/vehicle logs, mileage logs, GPS information from the TOB Public Safety vehicle driven by Mr. Cassano when he responded to the Massapequa Dog Park on October 30, 2017; and

   c. All dash cam and/or street surveillance cam footage showing the times the public safety vehicle driven by Mr. Cassano arrived at and left the Massapequa Dog Park.

2. Produce all documents concerning an incident at the Massapequa Dog Park, Louden Avenue and Clocks Blvd., involving Lek Domni that took place on October 30, 2017 and was responded to by Public Safety Officer Vincent Cassano that are not covered by No. 1, supra.

3. Produce all TOB Public Safety directives, guidelines, and policy statements concerning the duties and responsibilities of a TOB public safety officer when responding to a disturbance at a TOB park.

4. Produce the personnel and disciplinary files and/or records of TOB Public Safety Officer Vincent Cassano.

# EXHIBIT B

**From:** ld302@optimum.net
**To:** efaughan@oysterbay-ny.gov
**Date:** Jun 2, 2022 2:05:06 AM
**Subject: Domni v. Nassau County, et al - Subpoena update request**
**Attachments:** 2.25.22.Subpoena.TOB.Cassano.4.8.22.pdf

Dear Ms. Faughnan:

This is a follow-up to our phone conversation early last week concerning the attached federal court subpoena that was served on the Town of Oyster back on March 17, 2022. When we last spoke, you informed me that you would be serving me with an Incident Report concerning TOB Pubic Safety Officer Vincent Casino's responding to an alleged incident the Massapequa Dog Park on October 30, 2017, by the end of last week (5/27/22).

Not only have I not received that Incident Report, I have not received any of the documents that are the subject of the Subpoena in question that were due on April 20, 2022, to wit, the following:

**1. Produce all of the following documents in the possession of the Town of Oyster Bay concerning Public Safety Officer, Vincent Cassano's response to an incident involving the arrest of Lek Domni at the Massapequa Dog Park on October 30, 2017:**

**a. All statements, memoranda, emails, letters, reports concerning the incident at the Massapequa Dog Park on October 30, 2017 involving the arrest of Lek Domni;**

**b. Assignment sheets, patrol/vehicle logs, mileage logs, GPS information from the TOB Public Safety vehicle driven by Mr. Cassano when he responded to the Massapequa Dog Park on October 30, 2017; and**

**c. All dash cam and/or street surveillance cam footage showing the times the public safety vehicle driven by Mr. Cassano arrived at and left the Massapequa Dog Park.**

**2. Produce all documents concerning an incident at the Massapequa Dog Park, Louden Avenue and Clocks Blvd.,**

**involving Lek Domni that took place on October 30, 2017 and was responded to by Public Safety Officer Vincent Cassano that are not covered by No. 1, supra.**

**3. Produce all TOB Public Safety directives, guidelines, and policy statements concerning the duties and responsibilities of a TOB public safety officer when responding to a disturbance at a TOB park.**

**4. Produce the personnel and disciplinary files and/or records of TOB Public Safety Officer Vincent Casino.**

I need you to provide with a date certain as to when I can expect to receive full and complete *formal responses* to the above document requests. I will also need copies of all back-up information that were relied upon to write the aforementioned Incident Report. Please let me know by the end of the week or I will begin to prepare a Motion to Enforce Subpoena to be filed before Magistrate Judge Locke, who is assigned to this case.

Thank you for your prompt attention to this matter.

-Lek Domni

# CERTIFICATION
## FED. R. CIV. P. 37(a)(1) and Local Rule 26.4(a)

I, Lek Domni, Plaintiff in this lawsuit, certify under penalty of perjury that I have attempted in good faith to resolve the issue brought to the Court.

Lek Domni
Pro se Plaintiff

Date: 6/13/22

CERTIFICATE OF SERVICE

I, Lek Domni, appearing *Pro se,* do hereby affirm and certify that the foregoing document was served on the following individuals via electronic mail on this date:

Beth Faughnan, Esquire
Town of Oyster Bay Attorney's Office
Town Hall
54 Audrey Avenue
Oyster Bay, NY 11771

*Email address:* efaughnan@oysterbay-ny.gov

Andrew R. Scott
Deputy County Attorney
County Attorney's Office
One West Street
Mineola, NY 11501

*Email address*: ascott@nassaucountyny.gov

Lek Domni

Date: June 13, 2022