**LEK DOMNI**
**2 Lourae Drive**
**Massapequa Park, NY 11762**

215-292-3615(c)                                                                                  LD302@optimum.net

September 13, 2022

VIA HAND DELIVERY
Hon. Lee G. Dunst
United States District Court
100 Carman Plaza
Central Islip, NY 11722

```
        F I L E D
     IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

    ★   SEP 13 2022   ★

      LONG ISLAND OFFICE
```


Re: Lek Domni v. County of Nassau, et al.,
C.A. No. 19-CV-083 (JMA/LGD)
**UNCONTESTED MOTION –** *Plaintiff's Motion to*
*Compel/Sanctions and Defendants' Responses thereto* **DE 155**

Dear Judge Dunst:

Presently before the Court is Plaintiff's Motion to Compel Defendants to comply with Magistrate Judge Steven I. Locke's discovery Order dated February 8, 2022 and provide documents requested in Plaintiff's previous Motion to Compel filed on February 1, 2022. *See,* **DE 155; Court Order, February 8, 2022**. To date, Defendants have neither produced those documents, agreed to "meet and confer" concerning their noncompliance, nor responded to this Motion. For the reasons stated herein, this *uncontested* Motion should be granted and Defendants compelled to produce the named-Defendants' individual personnel files according to Judge Locke's February 9, 2022 Order within 30 days from this Court's Order.

Plaintiff further moves this Court to determine if, in its discretion, Defendants should be sanctioned for their noncompliance with Judge Locke's February 8, 2022 discovery Order and this Court's Individual Rules.

### I.   PLAINTIFF'S MOTION

#### A.   Background

On February 1, 2022 Plaintiff filed a Motion to Compel Defendant P/O Frederick Trifaro's Answers to Interrogatory Nos. 1-14 and Requests for Production of Documents No. 1(a)-(d). **DE 155.**

On February 1, 2022, Defendants filed their Response. **DE 160.**

On February 8, 2022, Judge Locke entered the following Order concerning Plaintiff's Motion to Compel at **DE 155:**

> As to Plaintiffs motion to strike the objections to
> Interrogatories 1-14, and to strike the objections to

document request 1, DE 155 , the motion is granted in part
and denied in part as follows: The objections are stricken as
improper. There are fewer than 25 interrogatories directed
to Officer Trifaro, which is within the limit set for Fed. R.
Civ. P. 33. *Further, the interrogatories are proper and
proportional to the needs of the case.* Accordingly, *even if
there were more than 25 interrogatories, the Court would
permit them in any event.* As to document request 1 *the
motion is granted as to 1(a) and 1(b)* and denied as to 1(c)
and 1(d). 1(a) and 1(b) are proper and appropriate. 1(c) is
overbroad and vague and therefore objectionable. The
Court does not understand what is sought in 1(d).
Accordingly, the objections to those requests are sustained.

**Court Order, February 8, 2022, DE 155. (Emphasis added.)**

To date, Defendants have failed to (1) move for reconsideration, or (2) file Objections to Judge Locke's above-referenced Order.

Despite Plaintiff serving Defendants with a copy of the instant Motion on ***September 1, 2022*** via email, Defendants have failed to serve a Response. **Exhibit A, Email, Domni to Scott, Re: Motion to Compel [DE 155].**

### B. STANDARD OF REVIEW

Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of *information that is, in addition to being relevant 'to any party's claim or defense ...*'") (internal citation omitted); *Denim Habit, LLC v. NJC Boston, LLC*, No. 13 CV 6084, 2016 WL 2992124, at *3 (E.D.N.Y. May 23, 2016)(emphasis added); *Oppenheimer Fund, Inc.*, 437 U.S. 340, 351 (1978); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve *disclosure of all the evidence relevant to the merits of a controversy*")(emphasis added). The "right of litigants to discover and present relevant evidence in civil litigations is given great weight in federal courts." *Apicella v. McNeil Labs*, 66 F.R.D. 78, 82 (E.D.N.Y. 1975). In *Apicella*, this Court further noted that the "liberal" discovery rules tend "toward admitting as much evidence as possible so that the facts may be more accurately determined." *Id*.

FRCP 33(a)(1) and (2) state as follows:

**Rule 33. Interrogatories to Parties**

(a) In General.

2

> (1) *Number.* Unless otherwise stipulated or ordered
> by the court, a party may serve on any other party no more
> than 25 written interrogatories, including all discrete
> subparts. Leave to serve additional interrogatories may be
> granted to the extent consistent with Rule 26(b)(1) and (2).
>
> (2) *Scope.* An interrogatory may relate to any matter
> that may be inquired into under Rule 26(b). An
> interrogatory is not objectionable merely because it asks for
> an opinion or contention that relates to fact or the
> application of law to fact, but the court may order that the
> interrogatory need not be answered until designated
> discovery is complete, or until a pretrial conference or
> some other time.

**FRCP 33(a)(1) and (2).**

> FRCP 34(a) describes the scope of document demands in civil litigation:
>
> Scope. Any party may serve on any other party a request ...
> to inspect, copy, test, or sample any designated documents
> ... which constitute or contain matters within the scope of
> Rule 26(b) and which are in the possession, custody or
> control of the party upon whom the request is served....

**FRCP 34(a).**

Rule 34(b)(2)(B) requires litigants to "state with specificity the grounds for objecting to the [document] request, including the reasons" and Rule 34(b)(2)C) mandates that *"[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."* Defendants, who have acted in bad faith, have failed to abide by this rule of procedure throughout this discovery process.

### C. LEGAL ARGUMENT

There is no excuse for disobeying Judge Locke's discovery Order dated February 8, 2022. Because the Defendants failed to either move for reconsideration of Judge Locke's February 8, 2022 or file the appropriate timely Objections with Judge Azrack, the Defendants have simply refused to obey a court order, which is sanctionable conduct pursuant to the existing case law in this District and Circuit. *See, Gonzalez v. Victoria G's Pizzeria*, 19-cv-6996 *citing Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including those who appear *pro se*, are obligated to comply with court orders.")

For the time being, Plaintiff only requests that the Defendants be compelled to served the foregoing court-ordered interrogatories and requests for production of documents. If Defendants fail to comply with *this Court's* discovery Order,

3

then Plaintiff will so move for sanctions. Of course, this Court is empowered to impose sanctions on its own accord. *See,* FRCP 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii).").

### 1. INTERROGATORIES

In his February 8, 2022 Court Order, Judge Locke granted Plaintiff's Motion to Compel and ordered Defendants to Answer Interrogatory Nos. 1 through 14, inclusive. To date, Defendant Trifaro has failed to obey this Court Order.

### 2. REQUESTS FOR PRODUCTION OF DOCUMENTS

In his February 8, 2022 Court Order, Judge Locke granted Plaintiff's Motion to Compel and ordered Defendants to Respond to Requests for Production of Document Nos. 1(a) and (b). To date, Defendants have failed to obey this Court Order.

## II. DEFENDANTS' *FAILURE TO RESPOND*

Despite Judge Locke's February 8, 2022 discovery Order, Defendants not only failed to serve responses to these Court-ordered discovery requests, they failed to respond to the instant Motion to Compel. Plaintiff submits that such failure to either comply with Judge Locke's February 8, 2022 Order concerning DE 156 or respond to the instant Motion is evidence of Defendants' bad faith in this action.

## III. CONCLUSION

Because the Defendants failed to either move for reconsideration of Judge Locke's February 8, 2022 Order or file the appropriate timely Objections with Judge Azrack, the Defendants have engaged in sanctionable conduct pursuant to the existing case law in this District and Circuit. *See, Gonzalez v. Victoria G's Pizzeria,* 19-cv-6996 *citing Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including those who appear *pro se*, are obligated to comply with court orders.")

This Court is empowered to impose sanctions on its own accord. *See,* FRCP 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii).").

Respectfully submitted,

Lek Domni
Pro se Plaintiff

cc: Andrew R. Scott, Deputy County Solicitor

**EXHIBIT A**

**From:** ld302@optimum.net
**To:** Scott, Andrew <ascott@nassaucountyny.gov>
**Date:** Sep 1, 2022 2:32:47 AM
**Subject: Domni v. NC - Plaintiff's Motion to Compel Defendant Trifaro's Compliance with DE 155/Court Order 2/8/22**
**Attachments:** 9.12.22.Plaintiff.Motion2Compel.DE155.docx

Dear Mr. Scott:

Attached hereto is a Word version of Plaintiff's Motion to Compel Defendant Trifaro to comply with Judge Locke's discovery order dated February 8, 2022 [DE 155]. If I am mistaken and you have complied with this particular Order, then please kindly let me know because I cannot seem to put my fingers on Officer Trifaro's Answers/Response. Obviously, I do not wish to have you waste your time responding to an inappropriate Motion.

Thank you for your attention to this matter.

LD

CERTIFICATE OF SERVICE

      I, Lek Domni, do hereby affirm and certify that the foregoing document was served on the following individual on this date:

<u>VIA ECF and E-MAIL</u>
Andrew R. Scott, Esquire
Deputy County Attorney
County Attorney's Office
One West Street
Mineola, NY 11501

Attorney for Defendants

*Email address:* ascott@nassaucountyny.gov

_____
Lek Domni

Date: September 13, 2022