UNITED STATES DISTRICT COURT  For Online Publication Only
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEK DOMNI,

**ORDER**

Plaintiff,   19-CV-00083 (JMA) (LGD)

-against-

COUNTY OF NASSAU; POLICE OFFICER
CHRISTOPHER LAMONICA; POLICE OFFICER
FREDERICK TRIFARO; LIEUTENANT
ROBERT V. VERLOTTE; POLICE DETECTIVE
JAMES HOWE, JR.; POLICE DETECTIVE
NICOLE C. MOORE; POLICE SERGEANT
MICHAEL CIBULS; NASSAU COUNTY
CORRECTIONAL OFFICER BRIAN DOLAN;
and NASSAU COUNTY CORRECTIONAL
OFFICERS JOHN DOE NOS. 2-3,

Defendants.
------------------------------------------------------------------X
**AZRACK, United States District Judge:**

Before the Court are the objections of Plaintiff Lek Domni filed in response to Magistrate Judge A. Kathleen Tomlinson's Memorandum and Order (ECF No. 96, "Order"), which, among other things, denied Plaintiff's motion for leave to amend his complaint to add a defamation claim against an unnamed employee of Defendant Nassau County. For the following reasons, Plaintiff's objections to the Order are OVERRULED, and his motion to amend is DENIED.

**I.   BACKGROUND**

Familiarity with the underlying facts and procedural history of this case is assumed.

As relevant here, Plaintiff's proposed amended complaint (ECF No. 52-4, "PAC") adds a defamation claim against Nassau County Police Department Spokesperson Jane/John Roe. (PAC

¶¶ 132–35.) In support of this claim, Plaintiff alleges that on March 15, 2018, <u>Newsday</u> published an article

> covering the decision of the Nassau County Grand Jury to dismiss all criminal charges against DOMNI. In the article, the official Spokesperson for the Defendant COUNTY OF NASSAU Police Department, Defendant SPOKESPERSON JANE/JOHN ROE publicly denounced his full exoneration in a defamatory statement he/she published stating that "[The Nassau County Police Department] is <u>disappointed</u> in the result" thereby reasonably implying to the readers of the article that DOMNI is a criminal because there was significant evidence from which the Grand Jury should have held DOMNI for trial on all charges and that DOMNI was guilty of all charges[.]

(<u>Id.</u> ¶ 57.) Plaintiff contends that this statement was made "with malice," and that it "insinuated" that "[t]he Grand Jury made the wrong decision," that "Plaintiff was guilty of felony assault on a police officer[,] resisting arrest[,] and interfering with a governmental investigation when, in fact and under law, he was innocent," and that "Plaintiff was a criminal <u>and</u> a felon." (<u>Id.</u> ¶ 133.)

The Order denied Plaintiff leave to amend his complaint to add the proposed defamation claim. Specifically, Magistrate Judge Tomlinson determined that Plaintiff had not complied with the requirements of New York General Municipal Law Section 50-e ("Section 50-e") by including his defamation claim in a notice of claim served on Nassau County. (Order at 11–13.) Magistrate Judge Tomlinson also held that the Court lacked authority to excuse Plaintiff's non-compliance with Section 50-e. (<u>Id.</u>) As a result, Magistrate Judge Tomlinson rejected Plaintiff's proposed amendment as futile. (<u>Id.</u>) Plaintiff subsequently filed objections to the Order, (ECF No. 104, "Pl.'s Obj."), to which Defendants responded (ECF No. 110, "Defs.' Resp.").

## II.   LEGAL STANDARD

### A. <u>Objections to Magistrate Judge Tomlinson's Order</u>

The parties dispute the standard of review to be applied in addressing Plaintiff's objections to the Order. Plaintiff contends that Magistrate Judge Tomlinson's denial of his motion to amend

2

is a dispositive order, thus rendering it subject to de novo review. (Pl.'s Obj. at 6–8.) Defendants, on the other hand, argue that the Order was non-dispositive and therefore should be reviewed only for clear error. (Defs.' Resp. at 1.) For the avoidance of doubt, the Court will review de novo Plaintiff's objections to this portion of the Order.

**B. Leave to Amend**

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[l]eave to amend may properly be denied if the amendment would be futile[.]" Krys v. Pigott, 749 F.3d 117, 134 (2d Cir. 2014) (citation omitted). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." F5 Capital v. Pappas, 856 F.3d 61, 89 (2d Cir. 2017) (citation omitted).

### III.  DISCUSSION

Plaintiff's motion to amend turns on the application of New York's notice of claim requirements. New York General Municipal Law Section 50-e provides that to bring a state tort action "against a New York municipal entity or [its] employees acting within the scope of their employment," a notice of claim must be filed "within ninety days of the incident giving rise to the claim." Poole v. Hawkins, No. 18-CV-443, 2021 WL 695119, at *9 (E.D.N.Y. Feb. 23, 2021) (citation omitted). See also Allen v. Antal, 665 F. App'x 9, 14 (2d Cir. 2016) (dismissing negligence claim asserted against county employee where plaintiff failed to timely file notice of claim). Section 50-e is "construed strictly," and "[f]ailure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." Hardy v. New York City Health & Hosp. Corp., 164 F.3d 789, 793–94 (2d Cir. 1999) (citations omitted).

Plaintiff does not dispute that he failed to file a notice of claim with respect to his proposed defamation claim. (Pl.'s Obj. at 9.) Instead, he argues that because "the Defendants ha[d] actual

3

notice and/or knowledge of the essential facts of the defamation claim," the Court should "disregard" his failure to set forth his defamation claim in a timely notice of claim, as Defendants would not suffer "substantial prejudice" from receiving a late notice of claim now. (Id. at 11.) For this proposition, he cites Ragland v. New York City Housing Authority, 201 A.D.2d 7, 613 N.Y.S.2d 937 (App. Div. 2d Dep't 1994) and related cases, which he contends stand for "longstanding and established legal exceptions to notice requirement [sic] under New York state law[.]" (Id. at 9.) Plaintiff's argument is without merit.

      Plaintiff fails to recognize that this Court—unlike state courts—has no power to excuse his non-compliance with Section 50-e. Ragland involved a petition in state court to serve a late notice of claim pursuant to Section 50-e(5). 201 A.D.2d at 9–10, 613 N.Y.S.2d at 939. Unlike the state court in Ragland, however, "[f]ederal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice." Greenland v. Municipality of Westchester Cty., No. 18-CV-3157, 2020 WL 4505507, at *6 (S.D.N.Y. Aug. 4, 2020) (citations omitted). See also Robinson v. Spanno, No. 20-CV-642, 2021 WL 1109053, at *7 (S.D.N.Y. Mar. 23, 2021) (explaining that "[a]lthough the Court must construe the pro se Plaintiff's Complaint liberally, the Court cannot exempt Plaintiff from notice of claim requirements under New York law," as federal courts lack jurisdiction to excuse late notice) (citations omitted). Indeed, Section 50-e(7) specifies that "[a]ll applications under this section," including those for "leave to serve a late notice of claim," "shall be made to the supreme court or to the county court," not to a federal court. Accordingly, Ragland—like the other cases Plaintiff relies upon—is unavailing in this federal forum. As Magistrate Judge Tomlinson explained in the Order, this Court cannot excuse Plaintiff's failure to comply with Section 50-e because it "does not have the authority to grant such a request." (Order at 12.)

4

Plaintiff also ignores that courts in this Circuit have consistently rejected defamation claims asserted against individual municipal employees by plaintiffs who have not complied with Section 50-e's requirements.  See Poole, 2021 WL 695119, at *10 (dismissing defamation claim against police officer because plaintiff did not allege that he filed notice of claim); Colon v. City of New York, No. 19-CV-10435, 2021 WL 4943552, at *24 (S.D.N.Y. Jan. 15, 2021) (recommending dismissal of defamation claim against city employee because plaintiff did not file notice of claim), report and recommendation adopted, 2021 WL 4427169 (S.D.N.Y. Sept. 26, 2021); Greenland, 2020 WL 4505507, at *6 ("To the extent Plaintiff seeks to bring a state law claim for defamation against Defendants, it is dismissed because Plaintiff has failed to affirmatively plead that he filed a notice of claim against Defendant."); Marom v. Town of Greenburgh, No. 18-CV-7637, 2020 WL 978514, at *5 (S.D.N.Y. Feb. 28, 2020) (dismissing defamation claim against individual defendant and explaining that "defamation claims are not exempt from the notice of claim requirement, and courts routinely dismiss claims where plaintiff failed to comply with this condition precedent"), reconsideration denied, 2020 WL 2813309 (S.D.N.Y. May 29, 2020); Lamont v. City of New York, No. 12-CV-2478, 2014 WL 4829328, at *7 (E.D.N.Y. Sept. 29, 2014) (dismissing defamation claim against police officers because "there is no evidence that Plaintiff filed a notice of claim or otherwise complied with" Section 50-e).  The Court sees no basis to depart from the reasoning of these analogous cases here.

At bottom, Plaintiff's proposed defamation claim fails because, as he admits, he did not include it in a timely-filed notice of claim as required by New York General Municipal Law Section 50-e.  This Court—unlike appropriate state courts—cannot excuse his non-compliance.  As a result, his proposed defamation claim "could not withstand a motion to dismiss," and amendment

5

would be futile. F5 Capital, 856 F.3d at 89. Accordingly, Plaintiff's motion to amend must be denied.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's objections to the Order are OVERRULED. Plaintiff's motion for leave to amend his complaint to assert a defamation claim is DENIED.

**SO ORDERED.**

Dated: November 14, 2022
Central Islip, New York

                                                 /s/     (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE