UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X       For Online Publication Only

LEK DOMNI,

                                      Plaintiff,

              -against-                                    **ORDER**
                                                                                    19-CV-00083 (JMA) (LGD)

COUNTY OF NASSAU; POLICE OFFICER
CHRISTOPHER LAMONICA; POLICE OFFICER
FREDERICK TRIFARO; LIEUTENANT
ROBERT V. VERLOTTE; POLICE DETECTIVE
JAMES HOWE, JR.; POLICE DETECTIVE
NICOLE C. MOORE; POLICE SERGEANT
MICHAEL CIBULS; NASSAU COUNTY
CORRECTIONAL OFFICER BRIAN DOLAN;
and NASSAU COUNTY CORRECTIONAL
OFFICERS JOHN DOE NOS. 2-3,

                                      Defendants.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Presently before the Court is a series of objections filed by Plaintiff Lek Domni to three orders of Magistrate Judge Lee G. Dunst.

      <u>First</u>, Plaintiff objects to Magistrate Judge Dunst's November 9, 2022 Order, (ECF No. 243, "November 9 Order"), to the extent that it denies his motion for reconsideration of Magistrate Judge Dunst's October 7, 2022 Order, (ECF No. 231), which denied Plaintiff's motion to compel production of certain personnel and internal affairs records of Defendants. (ECF No. 246.) <u>Second</u>, Plaintiff also objects to the November 9 Order's denial of his motion for leave to serve additional interrogatories on Defendants Lamonica and Trifaro. (ECF No. 247.)

      Under Federal Rule of Civil Procedure 72(a), a district court may reverse a magistrate judge's decision on a non-dispositive matter only if that decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "'A finding is "clearly erroneous" when although there is evidence

to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Travel Sentry, Inc. v. Tropp, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (quoting Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993)).  An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.  Id.

Upon consideration of Plaintiff's objections under this "highly deferential standard of review," id., the Court finds that the November 9 Order was not "clearly erroneous or contrary to law."  Accordingly, Plaintiff's objections are overruled.

Third, and finally, Plaintiff objects to Magistrate Judge Dunst's Report and Recommendation dated November 16, 2022, (ECF No. 245, "R&R"), which recommends that the Court deny his motion for leave to amend his complaint, (ECF No. 211), to assert a claim for First Amendment retaliation against Defendant Dolan, and a Monell claim against the County.  (ECF No. 249.) Specifically, Plaintiff argues that Judge Dunst erred in finding that he had not adequately pleaded his proposed First Amendment retaliation claim.  (Id. at 7.)  Plaintiff's argument misses the mark.  Even if he were correct, as he argues, that Judge Dunst erred in finding that he had failed to allege that "the dead rat was intentionally placed in Plaintiff's driveway (instead of it having died there on its own without any human intervention) or that Dolan in particular was involved therewith," (R&R at 17), his proposed amendment would still be futile.  To prevail on a First Amendment retaliation claim, a plaintiff must allege that "the defendant's actions caused him some injury."  Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013).  Because Plaintiff fails to adequately allege "that that his First Amendment rights were actually chilled," Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) (quotation marks and citation omitted) (emphasis added), amendment would be futile.  See also id. ("Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech.").

After conducting a <u>de</u> <u>novo</u> review of the full record—including the motion papers, the R&R, and objections—and applicable law, Plaintiff's objections to the R&R are overruled.

For the reasons stated above, Plaintiff's objections to the November 9 Order, (ECF Nos. 246, 247), and to the R&R, (ECF No. 249), are OVERRULED. The Court adopts the well-reasoned R&R in its entirety as the opinion of the Court. Accordingly, Plaintiff's motion for leave to amend his complaint, (ECF No. 211), is DENIED.

**SO ORDERED.**

Dated: January 31, 2023
Central Islip, New York

                                                  /s/   (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE